**REVISED AUGUST 20, 2002**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-60538
_____


ROSALIE GULIG, Independent Executrix, on behalf of
the Estate of Albert Strangi, Deceased,

Petitioner-Appellee,

versus


COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant.

_____

Appeal from a Decision of
the United States Tax Court
_____
June 17, 2002


Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

CLEMENT, Circuit Judge:

## I. FACTS AND PROCEEDINGS

In August 1994, Michael Gulig, as decedent Albert Strangi's attorney in fact,[1] formed Strangi Family Limited Partnership ("SFLP") and its corporate general partner, Stranco, Inc. ("Stranco"), under Texas law. Strangi purchased 47 percent of

---

[1] On July 19, 1988, decedent executed a power of attorney, naming Michael Gulig his attorney in fact. Michael Gulig is petitioner's husband and decedent's son-in-law.

1

Stranco for $49,350 and his four children purchased the remaining 53 percent for $55,650.[2] Stranco transferred $100,333 to SFLP in return for a 1 percent general partnership interest. Strangi transferred property with a fair market value of $9,876,929, approximately 75 percent of which was cash and securities, to SFLP for a 99 percent limited partnership interest.

Decedent and his four children sat on Stranco's initial board of directors, with Rosalie Gulig serving as president. The partnership agreement provided that Stranco had sole authority over SFLP's business affairs; limited partners needed Stranco's consent to act on SFLP's behalf. Stranco employed Michael Gulig to manage the day-to-day affairs of SFLP and Stranco. SFLP's partnership agreement allowed it to lend money to partners, affiliates, or other persons or entities. Decedent's estate and the Strangi children have received various distributions from SFLP. On August 18, 1994, a charitable gift of 100 Stranco shares was given to McLennan Community College Foundation in decedent's memory.

Domiciled in Waco, Texas, Strangi died of cancer at the age of 81 on October 14, 1994. When decedent's will was admitted to probate on April 12, 1995, Rosalie Gulig was appointed sole executor of the estate. No claim against the estate or will contest was filed.

---

[2] Rosalie Gulig loaned her siblings the money needed to purchase the Stranco shares. Jeanne, John, and Albert T. Strangi each executed unsecured notes to Rosalie Gulig, with face amounts of $13,912.50 and an interest rate of 8 percent.

Strangi's estate reported Strangi's interest in SFLP as having a date-of-death value of $6,560,730, approximately $3 million lower than the value the assets had at the time of transfer from Strangi to the partnership.  At the date of death, the property held by SFLP had increased in value to $11,100,922 due to the appreciation of securities.  The valuation report applied a combined 33 percent minority interest discount for lack of marketability and lack of control.

On December 1, 1998, the Internal Revenue Service ("IRS") issued a notice of deficiency for $2,545,826 in federal estate taxes or, alternatively, $1,629,947 in federal gift taxes. Rosalie Gulig petitioned the tax court for a redetermination of the deficiencies. The tax court, sitting in review, considered whether SFLP should be disregarded for tax purposes under the business purpose and economic substance doctrine or alternatively as a restriction on the sale or use of property under I.R.C. § 2703(a)(2). Determining (with a 9-5 decision) that the partnership had economic substance and that § 2703 did not apply, the court proceeded to consider whether a taxable gift occurred to the extent that the value of assets Strangi transferred exceeded the value of his partnership interest and also determined the fair market value of decedent's interest at the date of death.  Finding that Strangi retained enough control over the assets transferred to compensate for the disparity between value given and value received, the court

3

did not find a taxable gift. The court accepted the 31 percent combined discount reached by the IRS's expert. Though ruling for the estate on all claims except valuation, the tax court suggested that if the Commissioner had timely filed his notice to amend to add an I.R.C. § 2036 claim, it might have used that section to include in the estate the assets Strangi transferred to SFLP.

## II. ANALYSIS

### A. Leave to amend to add a § 2036 claim

Fifty-two days before trial, the Commissioner filed a motion to amend to add a claim that under § 2036 the estate should include the value of SFLP's assets transferred from the decedent. The tax court denied the motion to amend, apparently because it considered the motion untimely. We review the tax court's decision to deny leave to amend for abuse of discretion. Halbert v. City of Sherman, Tex., 33 F.3d 526, 529 (5th Cir. 1994). "A decision to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995) (internal citations and quotes omitted). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

4

amendment, etc.--the leave sought should, as the rules require, be 'freely give.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The only insight we have into the tax court's reasoning for the denial is its statement that, even though § 2036 might apply on the facts, it was "not an issue in this case, however, because respondent asserted it only in a proposed amendment to answer tendered shortly before trial. Respondent's motion to amend the answer was denied because it was untimely." However, the motion was made nearly two months, not "shortly," before trial and was unlikely to cause delay or prejudice. If the tax court's true reasoning was that the Commissioner could have sought to assert the applicability of § 2036 earlier in the proceedings, it did not assert such and did not discuss any evidence of bad faith or dilatory motive. We cannot assume bad faith on the record here. The record does not present an obvious reason for denial of leave to amend. See <u>Ashe v. Corley</u>, 992 F.2d 540, 542-43 (5th Cir. 1993) ("Where reasons for denying leave to amend are 'ample and obvious,' the district court's failure to articulate specific reasons does not indicate an abuse of discretion." ).

*B. Business purpose and economic substance doctrine*

We review the question of whether SFLP has a business purpose and economic substance, such that it should not be disregarded for tax purposes, for clear error. See <u>Merryman v. Commissioner</u>, 873 F.2d 879, 881 (5th Cir. 1989); <u>ACM Partnership v. Commissioner</u>, 157

F.3d, 231, 245 (3rd Cir. 1998). Under this standard of review, we agree with the tax court that the partnership has enough economic substance for SFLP to be recognized for federal estate tax purposes.

As the tax court noted, "[m]ere suspicion and speculation about a decedent's estate planning and testamentary objectives are not sufficient to disregard an agreement in the absence of persuasive evidence that the agreement is not susceptible of enforcement or would not be enforced by parties to the agreement." See Hall v. Commissioner of Internal Revenue, 92 T.C. 312, 335 (1989). SFLP's partnership agreement changed the legal relationships between decedent and his heirs and creditors. Potential purchasers of decedent's assets would not disregard the partnership. As the tax court stated, "[r]egardless of subjective intentions, the partnership had sufficient substance to be recognized for tax purposes."

## C. The remaining claims

Having carefully reviewed the record and read the briefs, we affirm the tax court's conclusions regarding § 2703 for essentially the reasons stated in that court's opinion. Section 2703 does not alter the determination that the estate included the decendent's interests in SFLP and Stranco and the tax court did not have to consider the applicability of the safe harbor provisions of section 2703(b) to the partnership agreement. We also affirm the tax

court's conclusion that decedent's transfer of property to the partnership was not a taxable gift for essentially the reasons stated in that court's opinion. Finally, we adopt the tax court's ruling concerning the discounts and the fair market value of decedent's interest in SFLP at the date of death. However, the tax court may revisit this topic if it considers the § 2036 claim.

## III. CONCLUSION

We REVERSE the Tax Court's denial of leave to amend and REMAND with instructions that the court either (1) set forth its reasons for adhering to its denial of the Commissioner's motion for leave to amend, bearing in mind the mandate of the Federal Rule of Civil Procedure 15(a), or (2) reverse its denial of the Commissioner's motion, permit the amendment, and consider the Commissioner's claim under § 2036. We AFFIRM all other conclusions made by the tax court.