T.C. Memo. 2002-301

UNITED STATES TAX COURT

ESTATE OF ELMA MIDDLETON DAILEY, DECEASED, DONOR,
K. ROBERT DAILEY, II, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ESTATE OF ELMA MIDDLETON DAILEY, DECEASED,
K. ROBERT DAILEY, II, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6251-00, 6262-00.          Filed December 9, 2002.


Harold A. Chamberlain, for petitioners.

Richard T. Cummings, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  This matter is before the Court on
petitioners' motion for allowance of claims for litigation and

administrative costs pursuant to section 7430 and Rule 231.[1] This Court ruled in favor of petitioners, in Dailey v. Commissioner, T.C. Memo. 2001-263, and we incorporate herein by reference the facts set forth in that opinion.

## Background

On October 20, 1992, Elma Middleton Dailey executed a will, a Revocable Living Trust (trust), and an Agreement of Limited Partnership (agreement) of Elma Middleton Dailey Family Limited Partnership (FLP). On November 13, 1992, Mrs. Dailey contributed publicly traded stock to the FLP, and on December 8, 1992, she gave limited partnership interests in the FLP to her son, her son's wife, and the trust.

By notices dated March 15, 2000, respondent determined Federal gift and estate tax deficiencies relating to the valuation of the FLP interests. At trial, the Court upheld petitioners' discounts and held that there were no deficiencies.

On December 4, 2001, petitioners filed their motion for allowance of claims for litigation and administrative costs. On March 4, 2002, respondent filed an objection to motion for litigation costs and memorandum of points and authorities in support of respondent's objection to the motion for litigation costs. Petitioners then filed an affidavit on June 19, 2002.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a conference call on June 21, 2002, and pursuant to an order dated June 24, 2002, petitioners filed a supplement to motion for allowance of claims for litigation and administrative costs (supplement) seeking only those litigation costs incurred after February 1, 2001, for services provided by Jeffrey A. Schumacher, expert; Harold A. Chamberlain, lead attorney; and Michael C. Riddle, attorney. On July 8, 2002, respondent filed his objection to supplement to motion for allowance of claims for litigation and administrative costs.

## Discussion

The prevailing party in a Tax Court proceeding may recover litigation costs. Sec. 7430(a); Rule 231. Except as provided in section 7430(c)(4)(B), petitioners bear the burden of proving that they meet each of the requirements of section 7430. Rule 232(e). Their failure to establish any one of the requirements of section 7430 on which they have the burden of proof will preclude an award of costs. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Respondent contends that he was substantially justified in challenging the valuation of Mrs. Dailey's FLP (valuation issue). Respondent, however, concedes he was not substantially justified in maintaining his position that Mrs. Dailey's FLP should be disregarded for tax purposes (FLP issue). We must, therefore,

decide whether respondent's position relating to the valuation issue was substantially justified, and whether costs relating to the FLP issue are reasonable.

## I.   Substantial Justification

We may award costs to petitioners where respondent's position was not substantially justified (i.e., did not have a reasonable basis in law and fact).  See Pierce v. Underwood, 487 U.S. 552, 565 (1988).  In addition, the justification for each of respondent's positions must be independently determined.  See Swanson v. Commissioner, 106 T.C. 76, 92, 97 (1996).  This Court will determine the reasonableness of respondent's position as to each issue independently and apportion the requested award between those issues for which respondent was, and those issues for which respondent was not, substantially justified.  See id. at 87-92; Salopek v. Commissioner, T.C. Memo. 1998-385, affd. without published opinion 210 F.3d 390 (10th Cir. 2000).  The fact that respondent loses an issue is not determinative of the reasonableness of respondent's position.  Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

To establish that respondent was substantially justified on the valuation issue, respondent must establish that he was reasonable in adopting his expert's analysis.  See Smith v. United States, 850 F.2d 242, 246 (5th Cir. 1988); see also Fair v. Commissioner, T.C. Memo. 1994-602 (holding that when deciding if respondent's position on valuation is substantially justified,

the Court "must consider the facts of the case, the nature of the asset to be valued, the qualifications of the expert, the soundness of the valuation methods, the reliability of the expert's factual assumptions, and the persuasiveness of the reasoning supporting the expert's opinion").

The values of family limited partnership interests are difficult to determine. See Estate of Smith v. Commissioner, 57 T.C. 650, 655 (1972) ("valuation has been consistently recognized as an inherently imprecise process"), affd. 510 F.2d 479 (2d Cir. 1975). Respondent's expert began with the net asset value of the FLP, then made adjustments reflecting minority and marketability discounts. Regarding the minority discount, he compared the FLP to closed-end mutual funds. Regarding the marketability discount, he relied on studies relating to the value of common stock with legal restrictions impairing transferability (i.e., Restricted Stock Studies) and a study relating to the value of closely held company shares prior to initial public offerings (i.e., Pre-IPO Study).

Problems with the expert's analysis were not revealed until petitioners' counsel conducted voir dire and cross-examination. With respect to the valuation of the FLP interests, this Court held that, "although neither expert was extraordinary, petitioners' expert provided a more convincing and thorough analysis than respondent's expert." Dailey v. Commissioner,

supra.  The Court upheld petitioners' discounts for the valuation of the FLP interests.

Respondent's expert holds a Ph.D. and M.B.A., has extensive qualifications and expertise, and used sound valuation methods in his report.  Cf. Estate of Cervin v. Commissioner, 111 F.3d 1252 (5th Cir. 1997) (holding that respondent was not substantially justified for relying upon the discredited unity-of-ownership valuation theory), revg. T.C. Memo. 1994-550.  Despite the expert's performance at trial, respondent's adoption of the expert's report was reasonable.  Accordingly, respondent was substantially justified, and petitioner is not entitled to litigation costs related to the valuation issue.

II.  Reasonable Costs

Petitioners may recover only litigation costs related to the FLP issue.  See sec. 7430(a)(2), (c)(1).  Section 7430(c)(1)(B)(iii) imposes a statutory rate for attorney's fees (i.e., $140 per hour relating to calendar year 2001).  See Rev. Proc. 2001-13, 2001-1 C.B. 337, 341.  In their supplement, petitioners seek litigation costs in the amount of $68,593 (i.e., 489.95 hours), of which petitioners allocated $50,540 (i.e., 361 hours[2]) to the FLP issue.  Respondent contends $39,900 (i.e., 285

---

[2]  Petitioners, in their supplement, state that Chamberlain worked 48 hours on the valuation issue, but Exhibit C of the supplement indicates that Chamberlain worked 49 hours on that issue.

hours[3]) is the appropriate amount allocated to the FLP issue.
The following chart represents the petitioners' proposed
allocation of hours:

|  | FLP (hours) | Valuation (hours) | |
|---|---|---|---|
| Jeffrey A. Schumacher (expert) | 0 | 77.95 | |
|    Subtotal-Jeffrey A. Schumacher | 0 | | 77.95 |
| | | | |
| Harold A. Chamberlain (lead attorney) | | | |
|    Pleadings | 30 | 0 | |
|    Summary judgment | 7 | 0 | |
|    Expert witness | 0 | 31 | |
|    Conference with district counsel | 21 | 1 | |
|    Pre-trial prep/memorandum/motions | 77 | 15 | |
|    Trial-day 1 | 10 | 0 | |
|    Trial-day 2 | 10 | 2 | |
|    Briefing and posttrial review | 106 | 0 | |
|    Review respondent's posttrial brief | 3 | 0 | |
|    Motion | 40 | 0 | |
|    Subtotal-Harold A. Chamberlain | 304 | | 49 |
| | | | |
| Michael C. Riddle, Esq. (attorney) | | | |
|    Conferences with Chamberlain | 37 | 0 | |
|    Trial-Day 1 | 10 | 0 | |
|    Trial-Day 2 | 10 | 2 | |
|    Subtotal-Michael C. Riddle | 57 | 2 | |
|    Total (489.95 hours) | 361 | 128.95 | |

Petitioners allocated 106 hours to the FLP issue relating to
briefing and posttrial review by Chamberlain.  This allocation is
unreasonable because the parties' findings of fact predominantly
deal with valuation and more than 80 percent of their brief is
dedicated to valuation.  Moreover, the portion of the brief
dedicated to the FLP issue merely references Knight v.
Commissioner, 115 T.C. 506 (2000), and Estate of Strangi v.
Commissioner, 115 T.C. 478 (2000), revd. on other grounds 293
F.3d 279 (5th Cir. 2002), which are decisions in which the Court
held that an FLP is not disregarded for tax purposes.  Under

[3] Respondent, however, neglected to exclude 47 hours of
time that petitioners allocated to the valuation issue.

these circumstances, respondent's contention that only half of these hours were allocable to the FLP issue is more than reasonable. Accordingly, petitioners are entitled to only 53 hours relating to briefing and posttrial review. Petitioners also seek 3 hours for review of respondent's posttrial brief by Chamberlain, but respondent's posttrial brief does not even mention the FLP issue. Accordingly, petitioners are not entitled to these costs either.

Petitioners attributed 59 hours to work performed by Riddle and allocated 57 of these hours to the FLP issue. Riddle served as attorney for the probate of Mrs. Dailey's estate, represented her during the administrative proceedings, and assisted Chamberlain during litigation. Petitioners have adequately set forth the services he performed. We reject respondent's contention that such services were duplicative. Accordingly, petitioners are entitled to 57 hours relating to work performed by Riddle.

Thus, petitioners are entitled to litigation costs in the amount of $42,700 (i.e., 305 hours).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Appropriate orders and decisions will be entered</u>.