IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20631
Summary Calendar
_____

PEGASUS TRANSAIR INC,

Plaintiff-Appellant,

versus

CARRERA TRANSPORT INC,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1137
--------------------
January 28, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

Pegasus Transair, Inc. ("Pegasus") appeals the judgment of the district court limiting the liability of another carrier, Carrera Transport, Inc. ("Carrera") based on Pegasus' bill of lading. Pegasus argues that the district court erred in allowing Carrera to amend its pleadings. The district court's decision to permit a party to amend its pleadings is reviewed for abuse of discretion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Bank One Capital Partners Corp. v. Kneipper</u>, 67 F.3d 1187, 1199 (5th Cir. 1995).

Where there is no evidence of motive such as undue delay or bad faith, and amendment would not be futile or prejudice the non-movant, leave to amend pleadings should be "freely give[n]." <u>Estate of Strangi v. Commissioner of Internal Revenue</u>, 293 F.3d 279, 281 (5th Cir. 2002). Pegasus has not alleged that Carrera sought leave to amend for bad-faith motives. Further, the court granted Pegasus' request to conduct discovery, and Pegasus cites no ruling by the district court preventing it from designating a rebuttal expert, undercutting its assertion of prejudice. Thus, the district court did not abuse its discretion in granting Carrera's motion.

Pegasus paid the entirety of the consignee's claim for damages for a shortage in its shipment. Pegasus argues that the limitation of liability provision in its bill of lading did not limit Carrera's liability for loss or damage to the shipment since the bill of lading included no Himalaya clause. The district court determined that Pegasus' bill of lading limited Carrera's liability by its terms. The interpretation of a contract such as the instant bill of lading is a question of law which this court reviews de novo. <u>Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.</u>, 308 F.3d 451, 458 (5th Cir. 2002).

The Carmack Amendment anticipates multiple carriers operating under one bill of lading. <u>See</u> 49 U.S.C. § 14706(a)(1). On its

2

face, the Carmack Amendment requires no Himalaya clause for liability to be limited to all carriers carrying under a particular bill of lading. Further, the case law cited by Pegasus does not support its argument. The cases cited by Pegasus involve limitations of liability under the Carriage of Goods by Sea Act, COGSA, rather than for land transportation under the Carmack Amendment. The district court did not err in its ruling.

Pegasus argues that the district court erred when it did not consider the shipment as an "insured load." Pegasus did not argue at trial that the availability of insurance affected its or Carrera's liability. Pegasus has not shown that the district court plainly erred on the issue of insurance affecting Pegasus' substantial rights. See United States v. Olano, 507 U.S. 725, 731-37 (1993) (describing plain error standard for arguments not timely raised in the district court). The judgment of the district court is AFFIRMED.