William SOUTHERN, Plaintiff,

v.

UNITED STATES of America and Frank Sheppard, M.D., Defendants,

and

United States of America, Third–Party Plaintiff,

v.

El Paso Colon and Rectal Clinic, P.A., Third–Party Defendant.

No. EP–06–CV–270–PRM.

United States District Court, W.D. Texas, El Paso Division.

Aug. 27, 2007.

Walter L. Boyaki, John G. Mundie, Miranda & Boyaki, El Paso, TX, for Plaintiff.

Katherine A. Lehmann, U.S. Attorney's Office, for Defendant/Third–Party Plaintiff.

Cynthia Catalina Llamas, Hicks & Lucky, P.C., El Paso, TX, for Defendants.

Larry W. Hicks, Hicks & Lucky, P.C., El Paso, TX, for Defendant/Third–Party Defendant.

### ORDER GRANTING PLAINTIFF WILLIAM SOUTHERN'S SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff William Southern's "Second Motion for Leave to File First Amended Complaint and to Amend the Scheduling Order Accordingly," filed on May 29, 2007; and Defendant United States' "Response in Opposition to Plaintiff's Second Motion for Leave to File First–Amended Complaint and to Amend the Scheduling Order Accordingly," filed on June 13, 2007, in the above-captioned cause. In his Motion, Plaintiff seeks leave to amend his complaint after the deadline to amend or supplement pleadings, which passed on February 9, 2007. After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted.

## I. BACKGROUND

This cause arises from Plaintiff's alleged contraction of the Hepatitis C virus during one of two procedures performed at the El Paso Veterans Affairs ("VA") Medical Center. On February 25, 2004, Plaintiff underwent a flexible sigmoidoscopy at the center, during which polyps were removed. Pl.'s Second Mot. for Leave 1–2. Plaintiff later underwent a colonoscopy at the center on June 7, 2004. Pl.'s Orig. Compl. 2. Plaintiff alleges that he contracted the Hepatitis C virus as a result of one of the procedures.

On approximately May 10, 2005, Plaintiff filed an administrative claim with the VA. Def.'s Resp. to Pl.'s Second Mot. for Leave, App., Ex. 1. In the claim form's box labeled "Date and day of accident," Plaintiff indicated "6/7/04." *Id.*, App., Ex. 1. In the "Basis of claim" box, Plaintiff described his claim as follows:

> Medical malpractice. Claimant contacted [sic] Hepatitis C from the VA or Army facilities. The hospital/clinic failed to prevent and take precautions to prevent the spread of Hepatitis C virus.

*Id.*, App., Ex. 1. The VA responded to Plaintiff's claim on June 2, 2005, requesting additional information regarding his

claim. *Id.*, App., Ex. 2. Defendant United States contends, and Plaintiff does not dispute, that Plaintiff provided no additional information after submitting his original claim. *Id.* at 2.

On August 3, 2006, Plaintiff filed his original complaint in this cause. His complaint alleges that on or about June 7, 2004, Plaintiff sought "treatment and care of his colon/polyp problem" from Defendants. Pl.'s Orig. Compl. ¶ 4. "As a result of the colonoscopy and removal of a polyp on June 7, 2004, Plaintiff contacted [sic] Hepatitis C virus." *Id.* ¶ 5. Plaintiff alleges that Defendants, "their employees and their agents were careless, reckless, and negligent in the care and treatment of the Plaintiff in that they failed to adhere to the standard of care, skill, and learning exercised by doctors, nurses, and trained therapists in the area of El Paso County, Texas." *Id.* ¶ 6. Nowhere in Plaintiff's administrative claim or his original complaint does he mention the date of February 25, 2004, or that he underwent a flexible sigmoidoscopy. On September 21, 2006, the VA sent Plaintiff a letter indicating that his administrative claim had been denied, given the filing of this cause. Def.'s Resp. to Pl.'s Second Mot. for Leave, App., Ex. 4.

The deadline to join additional parties or amend or supplement pleadings passed on February 9, 2007.[1] On February 20, 2007, after obtaining leave from the Court for its untimely request, Defendant United States filed a third party complaint against El Paso Colon and Rectal Clinic, P.A. Plaintiff filed a motion seeking leave to amend his complaint on April 18, 2007. Since his proposed amendment not only altered his substantive claims but also attempted to drop Defendant Frank Sheppard, M.D. from the suit, the Court denied the motion on May 23, 2007, without prejudice to Plaintiff's subsequent refiling of a motion to amend the claims in his complaint or a motion to non-suit Defendant Sheppard. Plaintiff subsequently filed the instant Motion on May 29, 2007.

Plaintiff seeks leave to file an amended complaint in which he adds allegations regarding his first procedure. Most notably, Plaintiff's amended complaint alleges that "[o]n or about February 25, 2004, Plaintiff underwent a flexible sigmoidoscopy at the El Paso VA. Several colonic polyps were removed by the sigmoidoscope." Docket No. 54 at 12. The amended complaint alleges that Plaintiff's contraction of the Hepatitis C virus resulted from either the flexible sigmoidoscopy or the colonoscopy. *Id.* Defendant Sheppard is unopposed to Plaintiff's Motion; Defendant United States asks the Court to deny the request to amend the complaint.

## II. LEAVE TO AMEND THE SCHEDULING ORDER

Since Plaintiff seeks to amend his complaint after the deadline set forth in the Court's scheduling order, his Motion effectively seeks leave to first amend the scheduling order and second amend his complaint. The Court first turns to Federal Rule of Civil Procedure 16(b). *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA.*, 315 F.3d 533, 536 (5th Cir.2003) ("Rule 16(b) governs amendments of the pleadings after a scheduling order deadline has expired. Only upon the movant's dem-

---

1. The Court notes that this deadline had been extended several times. The Court's original scheduling order set a December 15, 2006, deadline to join additional parties or to amend or supplement pleadings. Docket No. 11 at 1. The Court subsequently entered an amended scheduling order, extending that deadline to January 26, 2007. Docket No. 18 at 1. On January 26, 2007, Defendant United States filed a motion to extend the deadline until February 9, 2007, which the Court subsequently granted. Docket No. 29 at 1–2.

onstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

▇ Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge...." FED.R.CIV.P. 16(b). Under Rule 16(b), the Court applies a four-part test to determine whether to allow the amended complaint, considering: " '(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " *S & W Enters., L.L.C.*, 315 F.3d at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997)).

▇ Applying the first factor, Plaintiff contends that his counsel first learned in early April 2007 from his retained gastroenterologist that the polyp removal performed during the flexible sigmoidoscopy could have led to his contraction of the Hepatitis C virus. Pl.'s Second Mot. for Leave 2. Until that time, his counsel was under the impression that the injury could only have resulted from Plaintiff's colonoscopy. Plaintiff's first motion for leave to amend his complaint was filed shortly thereafter, on April 18, 2007. The Court considers this a sufficient explanation for Plaintiff's failure to timely move to amend his complaint.

Next, Plaintiff seeks to add a substantial allegation to his claim of negligence, and his inability to do so may result in Plaintiff's additional allegation being time-barred under the applicable statute of limitations. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...."). The Court finds this change to be important enough to satisfy the second factor.

The Court also believes that amending the scheduling order would not cause substantial prejudice to Defendant United States. The Court notes that it has previously extended this same deadline at the request of Defendant United States based upon information discovered shortly before the expiration of the deadline. *See* Docket No. 29 at 1.

Finally, the Court notes that it has recently extended all remaining deadlines in this cause; the parties need not complete discovery until October 21, 2007, and trial is set for December 10, 2007. If an extension of remaining deadlines subsequently becomes necessary, the Court will entertain such a request at the appropriate time. The Court is therefore of the opinion that Plaintiff has demonstrated good cause for modification of the scheduling order, and will consider Plaintiff's motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a).

## III. LEAVE TO FILE AN AMENDED COMPLAINT

Rule 15(a) provides that a plaintiff may amend his complaint after a responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Since Defendant United States has filed an answer and now opposes Plaintiff's Motion, Plaintiff seeks leave of the Court.

### 1. *Factors Considered Under Rule 15(a)*

▇ The Court considers five factors in determining whether to grant leave to amend a complaint: "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), *cited in Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Absent such circumstances, a court will generally grant the leave requested, as Rule 15(a) "expresses a strong presumption in favor of" allowing the amendment. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997).

The Court finds that the first four factors weigh in Plaintiff's favor. The first and fourth factors are similar to factors addressed above in the Court's analysis under Rule 16(b); the Court finds that Plaintiff has not unduly delayed in seeking to amend his complaint, and that the amendment would not prejudice Defendant United States. Furthermore, there is no evidence or allegation of bad faith, and Plaintiff has not previously amended his complaint. The Court thus turns to the fifth factor—the potential futility of Plaintiff's proposed amendment.

■ Defendant United States contends that the Court should not permit Plaintiff to amend his complaint because the Court lacks subject matter jurisdiction over Plaintiff's new claim regarding the flexible sigmoidoscopy. The Court thus finds the fifth factor to be dispositive of this issue. If the Court would have jurisdiction over Plaintiff's amended claim, then the amendment would not be futile, and all five fac-

tors weigh in Plaintiff's favor. If the Court would lack jurisdiction, it will deny Plaintiff's request to amend, as "[j]ustice does not require allowing an amendment that will simply be later dismissed for lack of jurisdiction." *Selver v. Wash. Mut. Bank*, 2003 WL 79337, at *3 (N.D.Tex. Jan.8, 2003). *See also Diesel Repower, Inc. v. Islander Invs., Ltd.*, 271 F.3d 1318, 1322 (11th Cir.2001) (indicating that if an amendment is futile, it is irrelevant that the movant sought to amend in a timely manner and the opposing party would suffer no prejudice); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir.1989) (agreeing that "no purpose would be served by allowing [an] amendment to the complaint to add a challenge which would be dismissed").

2. *Subject Matter Jurisdiction over Plaintiff's Proposed Amendment*

 a. *Legal Standard under 28 U.S.C. § 2675*

■ Plaintiff brings his claims against Defendant United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*[2] Prior to bringing a claim under the FTCA, a plaintiff must exhaust his administrative remedies by filing a claim with the appropriate federal agency. 28 U.S.C. § 2675(a) sets forth this exhaustion requirement, stating that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omis-

**2.** § 1346(b) provides in part that:

the district courts ... shall have exclusion jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

sion of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).[3] The exhaustion requirement is a jurisdictional bar, and thus "a litigant may not base any part of a tort action against the United States on claims not presented to the appropriate administrative agency." *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980). A plaintiff's failure to comply with the exhaustion requirement will require dismissal of his claim or, in this case, denial of leave to amend his complaint. Given that the FTCA is a waiver of the sovereign immunity of the United States, the exhaustion requirement must be strictly construed in favor of the sovereign. *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The Court will not, however, "assume the authority to narrow the waiver that Congress intended." *Id.* at 118, 100 S.Ct. 352.

■ "An individual with a claim against the United States ... satisfies section 2675's requirement that 'the claimant shall have first presented the claim to the appropriate Federal agency' if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980).[4] Given that a suit under the FTCA "can be based

on particular facts and theories of liability only when those facts and theories can be considered part of the plaintiff's administrative claim," *Rise*, 630 F.2d at 1071, the Court must determine whether Plaintiff's proposed amendment falls within the scope of the "claim" presented to the VA. Specifically, the Court must determine whether an alleged injury resulting from Defendant's flexible sigmoidoscopy on February 25, 2004, falls within the scope of his administrative claim as to his colonoscopy on June 7, 2004.

In applying the exhaustion requirement of § 2675, the Court is mindful that Congress created the requirement to serve two principal purposes. *Adams*, 615 F.2d at 288. "First, in enacting the notice requirement, Congress sought 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Id.* (quoting S. REP. No. 1327, at 6 (1966), *reprinted in* (1966) U.S.C.C.A.N. 2515, 2516). Second, the requirement provides "'for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government.'" *Id.* (quoting S. REP. No. 1327, at 6 (1966), *reprinted in* (1966) U.S.C.C.A.N. 2515, 2516).

■ Accordingly, an administrative claim serves to give notice to the Government of the existence of a claim. In presenting his claim to the administrative agency, a plaintiff need only provide a

---

3. While Plaintiff filed this suit before receiving a denial letter from the VA, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Defendant United States does not

dispute that the denial requirement of § 2675 was satisfied when Plaintiff filed his original complaint in this cause.

4. The second requirement is not at issue; Plaintiff's administrative claim requests damages of $10,000,000. Def.'s Resp. to Pl.'s Second Mot. for Leave, App., Ex. 1.

basic outline of his allegations; he is not required to set forth extensive details regarding the facts and legal theories underlying his claim. *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983). Plaintiffs are not required to have completed an extensive investigation of their injuries, nor are they required "to specifically enumerate legal theories of recovery in their administrative claims." *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir.1994). Instead, a plaintiff must set forth the basic nature of his injury, merely to allow the government to conduct an investigation while he pursues an investigation of his own. "Congress deemed this minimal notice sufficient to inform the relevant agency of the existence of a claim. The purpose of this notice [is] to protect the [government] from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit." *Adams*, 615 F.2d at 289 (alterations in original) (internal quotation omitted).

### b. Relevant Case Law

Several courts, including the Fifth Circuit, have interpreted § 2675 to allow plaintiffs to expand upon the factual allegations of their administrative claims in subsequent civil suits. This includes cases in which plaintiffs sought to pursue claims in federal court that involved injuries suffered on dates outside the scope of their administrative claims. The Court will now review several of these cases.

In *Rise*, the plaintiff's wife had sought medical treatment from the Fort McPherson Army Hospital in December 1972. *Rise*, 630 F.2d at 1069. She was discharged on January 5, 1973. *Id.* Four months later, she collapsed and was again admitted to the hospital, where a doctor referred her to a specialist at the South Fulton Hospital. *Id.* at 1069–70. A physi-

cian there performed surgery on May 21, 1973, and two days later the plaintiff's wife died. *Id.* at 1070. The plaintiff filed an administrative claim with the Army Claims Service in which he alleged that the Army physicians' failure to diagnose and treat his wife in December 1972 and January 1973 caused her death. *Id.* His factual recitation also noted that his wife had received a spinal tap on May 4, 1973, and that she was "immediately transferred to South Fulton Hospital." *Id.* at 1071. The plaintiff subsequently sought to file an amended complaint in federal court, alleging negligence in his wife's referral to South Fulton Hospital. *Id.* After reviewing these facts, the Fifth Circuit held that "[c]learly, this was sufficient to put the Army on notice that its actions in May were part of the chain of events that culminated in Mrs. Rise's death." *Id.* Even though the plaintiff's administrative claim focused on the time period of December 1972 to January 1973, the Fifth Circuit found that "the Army's investigation of the death should have produced ... evidence that South Fulton Hospital facilities may have been inadequate for aneurysm surgery, and, consequently, that referring Mrs. Rise there might have been negligence.... Rise's claim put the Army on constructive notice that the May 1973 referral might have been negligent." *Id.* at 1071–72.

Similarly, the plaintiff in *Neuenswander v. United States* filed an administrative claim against the VA using the same form as Plaintiff in the instant cause. 422 F.Supp.2d 425, 437 (D.Vt.2006) (Magistrate Judge's report and recommendation adopted by District Court). The *Neuenswander* plaintiff's administrative claim alleged a "failure to properly treat claimant's disease," but reported the "Date and day of accident" as "Not a single trauma, 1998–2001." *Id.* Before his claim was denied, he provided the VA with a draft of

his civil complaint and a report from his expert alleging a negligent failure to provide proper care over a period beginning in 1983. *Id.* He subsequently sought to bring a civil suit, and the Government claimed that the court lacked jurisdiction over any injuries caused prior to 1998. *Id.* The district court disagreed, finding that allowing the plaintiff to pursue a claim for mistreatment prior to the dates listed in his administrative claim was consistent with the purposes of § 2675. *Id.* at 438. The court noted that, like Plaintiff in the instant cause, the plaintiff had not changed his cause of action, but only the dates of the alleged injury. "Certainly, a reasonable investigation of Neuenswander's claim for the failure to properly treat his medical condition, which had been treated exclusively by the VA for over twenty years, would include a review of his entire medical history with the VA and thereby uncover any pertinent information." *Id.*

#### c. Discussion

 As detailed above, Plaintiff's administrative claim indicated that he had "contacted [sic] Hepatitis C from the VA or Army facilities. The hospital/clinic failed to prevent and take precautions to prevent the spread of Hepatitis C virus." Def.'s Resp. to Pl.'s Second Mot. for Leave, App., Ex. 1. The form indicated June 7, 2004, as the "Date and day of accident." *Id.*, App., Ex. 1. Plaintiff now seeks to amend his complaint to allege that his injury occurred as a result of either the colonoscopy of June 7, 2004, or the flexible sigmoidoscopy of February 25, 2004. After a review of the facts of this cause, the Court is of the opinion that Plaintiff's administrative claim provided the Govern-

ment with reasonable notice of a claim involving his flexible sigmoidoscopy.

Plaintiff contends, and Defendant United States does not dispute, that the flexible sigmoidoscopy and the colonoscopy were similar procedures, both of which "included polyp removal and involve the cleaning and reuse of the scopes." [5] Pl.'s Second Mot. for Leave 8. Plaintiff contends that the procedures were related, as the colonoscopy was performed "[a]s a result of the findings [of the] sigmoidoscopy." *Id.* The procedures were also performed at the same VA medical facility. *Id.* at 1.

The Court finds that a reasonable investigation performed by the Government regarding Plaintiff's colonoscopy would have led the Government to discover information regarding his flexible sigmoidoscopy and to recognize the possible relationship between the procedures. Given the similar nature and risks of the procedures, their temporal proximity, and the fact that one procedure led to the second, Plaintiff's claim regarding a possible injury suffered during the colonoscopy gave adequate notice that the injury could also have been suffered as a result of the flexible sigmoidoscopy. As the Fifth Circuit has indicated, "if the Government's investigation of [Plaintiff's] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim." *Rise*, 630 F.2d at 1071. Plaintiff's administrative claim "provided sufficient facts to enable the government to investigate its potential liability and to conduct settlement negotiations with" Plaintiff, *Frantz*, 29 F.3d at 224, and such investigation and negotiations would have involved not only

---

5. For the limited purposes of this Order, the Court will *accept* Plaintiff's statement that "[a] sigmoidoscopy is a shortened version of a [full] colonoscopy, because it is directed to a particular part of the colon, viz. sigmoid section. The procedures are essentially the same." Pl.'s Orig. Mot. for Leave 1 n. 1.

the colonoscopy but also the flexible sigmoidoscopy.

Defendant United States contends that such a ruling places an unreasonable burden upon the Government, given that Plaintiff's administrative claim mentioned a single date. Def.'s Resp. to Pl.'s Second Mot. for Leave 7. Defendant United States contends that Plaintiff's administrative claim satisfies the § 2675 exhaustion requirement only for injuries suffered on the provided date, as it is ‘unreasonable to expect the Government to investigate the February flexible sigmoidoscopy when it is notified only of the June colonoscopy. Defendant United States contends that Plaintiff's "VA medical file, which he has always had equal access to, is approximately 1,000 pages long and contains information regarding dozens of exams, treatments, and procedures, and involving dozens of health care providers, some of whom, like Co-Defendant Sheppard, are not even employees of the United States." *Id.* at 9. The Court is of the opinion that Defendant United States characterizes its obligation to investigate claims too narrowly.

The exhaustion requirement demands that a plaintiff offer the Government notice of a claim in a way substantially different from that provided to defendants. The Government is informed of a claim in advance in order to allow it the opportunity to investigate the factual circumstances underlying the claim and the possibility to resolve the dispute without resort to litigation. A plaintiff is not expected to present an exhaustively detailed statement of his claim, but merely to allow the Government a starting point for its own investigation. "In promulgating section 2675, Congress, therefore, did not seek to allow federal agencies unilaterally to shift the burden of investigation to private claimants while retaining only the responsibility of evaluating the information supplied by the claimant." *Adams,* 615 F.2d at 290. The Government's duty to investigate is meaningful. *See, e.g., Rise,* 630 F.2d at 1071–72 (finding that information discoverable in reasonable investigation by the Government is included within the scope of the plaintiff's administrative claim).

■■■ The Court's holding also respects the strict limitations of § 2675. The Court recognizes that the filing of an administrative claim alone does not "mean that an agency will be on notice of all facts contained in voluminous records presented by a claimant, if the claimant has not pointed to specific sources of injury." *Burchfield v. United States,* 168 F.3d 1252, 1256–57 (11th Cir.1999). The Court does not suggest that Plaintiff's administrative claim satisfies the § 2675 exhaustion requirement for all possible causes of action mentioned in his 1,000–page medical file. As the Court has explained, the two procedures at issue in this cause were closely related, and it is not unreasonable to expect that the Government's investigation of the colonoscopy would have led to the discovery of the flexible sigmoidoscopy as a possible alternative source of his injury. In filing his administrative claim, Plaintiff informed the Government that he had been injured through the negligence of medical personnel at the Army or VA facilities, and the Court finds that Plaintiff's proposed amendment falls within the scope of that claim. The Court thus joins the various other courts that have not strictly required that an administrative claim state the correct date of injury, but have instead allowed a plaintiff to pursue a civil case for injuries suffered on different dates so long as the claim gave reasonable notice of the actual source of his injury. *See, e.g., Rise,* 630 F.2d at 1071–72; *Rhodes v. United States,* 2007 WL 1173790, at *3 (M.D.Fla. Apr.18, 2007) (exercising jurisdiction over a suit for an injury suffered on July 29,

2002, even though the plaintiff's administrative claim alleged a "Date and day of accident" of July 23, 2002); *Neuenswander*, 422 F.Supp.2d at 437–38.

## IV. CONCLUSION

Accordingly, the Court finds that it has subject matter jurisdiction over the claims arising from Plaintiff's flexible sigmoidoscopy of February 25, 2004. Since his proposed amendment is not futile, all five factors considered under Rule 15(a) weigh in Plaintiff's favor and the Court will allow him to amend his complaint. In light of this ruling, the Court will also deny the motion for summary judgment recently filed by Defendant United States, without prejudice to its subsequent refiling.

IT IS **THEREFORE ORDERED** that Plaintiff William Southern's "Second Motion for Leave to File First Amended Complaint and to Amend the Scheduling Order Accordingly" (Docket No. 54) is **GRANTED.**

IT IS **FURTHER ORDERED** that the Clerk of the Court **FILE** Plaintiff's "First Amended Complaint" (pages 11 to 14 of Docket No. 54).

IT IS **FURTHER ORDERED** that Defendant United States' "Motion to Strike the Expert Report of Plaintiff's Designated Expert and Motion for Summary Judgment" (Docket No. 63) is **DENIED WITHOUT PREJUDICE.**

IT IS **FURTHER ORDERED** that Plaintiff William Southern's "Unopposed Motion for Extension of Time to Respond in Opposition to Defendant U.S.A.'s Motion to Strike and for Summary Judgment" (Docket No. 65) is **DENIED AS MOOT.**

IT IS **FINALLY ORDERED** that Plaintiff William Southern's "First Supplemental Motion for Extension of Time to Respond in Opposition to Defendant U.S.A.'s Motion to Strike and for Summary Judgment" (Docket No. 67) is **DENIED AS MOOT.**