REVISED JANUARY 15, 2003

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 02-10090

---

S&W ENTERPRISES, L.L.C., a Nevada Limited Liability Company,

Plaintiff-Appellant,

VERSUS

SOUTHTRUST BANK OF ALABAMA, NA, an Alabama Banking Corporation,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
January 6, 2003

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant S&W Enterprises, L.L.C. appeals from the district court's order granting summary judgment in favor of Appellee SouthTrust Bank of Alabama, N.A., arguing that the court abused its discretion in denying Appellant leave to amend its complaint. Appellant argues also that fact issues preclude summary judgment. We affirm.

## BACKGROUND

SouthTrust Bank of Alabama ("SouthTrust") sold to Daiwa Bank Limited ("Daiwa") a $10 million participation in a $24 million loan SouthTrust had issued to Medical Technology Systems, Inc. The

agreement between SouthTrust and Daiwa ("Participation Agreement") prohibited Daiwa from assigning its interest without SouthTrust's consent, which consent SouthTrust agreed not to withhold unreasonably. Thereafter, Daiwa and S&W Enterprises, L.L.C. ("S&W") entered into an agreement ("Purchase Agreement") whereby S&W would acquire Daiwa's participation interest. S&W's obligation to purchase and Daiwa's obligation to sell the participation interest were contingent on SouthTrust's consent to the assignment agreement ("Assignment") that would consummate the purchase. When the parties sought SouthTrust's consent to the Assignment, S&W alleges that SouthTrust imposed unreasonable conditions before it would consent. S&W refused to meet the conditions, and SouthTrust refused to consent to the Assignment. S&W sued SouthTrust for breach of contract, alleging that it was a third party beneficiary to the Participation Agreement, and tortious interference with prospective advantage, naming the Assignment.

The district court, on SouthTrust's 12(b)(6) motion, dismissed S&W's breach of contract claims, leaving S&W to pursue only its interference with prospective advantage claim. The court's Third Amended Scheduling Order, issued March 7, 2001, set the deadline for amendment of pleadings at June 11, 2001 and the deadline for completion of discovery at October 5, 2001. Trial was scheduled for the court's February 4, 2002 docket.

On March 8, 2001, the Texas Supreme Court decided Wal-Mart Stores, Inc., v. Sturges, 52 S.W.3d 711 (Tex. 2001). Sturges

2

clarified that tortious interference with prospective advantage requires a plaintiff to show that the defendant's conduct, rather than being a lawful means to obtain the advantage, was "independently tortious or wrongful." Id. at 717.

On September 25, 2001, more than three months after the deadline for amendment of pleadings and more than six months after Sturges was decided, S&W moved for leave to amend, ostensibly to conform its pleadings to the requirements of Sturges. S&W acknowledged that it was aware of the Sturges decision before the deadline for amendment of pleadings, but explained that its counsel failed to understand the impact of the case on S&W's interference with prospective advantage claim until after the deadline expired. In fact, S&W's proposed amended complaint added a new cause of action, interference with contract, involving a contract not before named in the pleadings, the Purchase Agreement between S&W and Daiwa.

Before the district court ruled on S&W's motion to amend, SouthTrust filed its motion for summary judgment on the tortious interference with prospective advantage claim asserted in the original complaint. In the same opinion and order, the district court denied S&W leave to amend and granted summary judgment to SouthTrust. Emphasizing that S&W offered no adequate explanation for its delay in seeking leave to amend, the court denied leave because S&W's motion was untimely and amendment would unduly prejudice SouthTrust, who would require more discovery, or

3

alternatively, unnecessarily delay the trial. The court then granted summary judgment, finding that S&W failed to demonstrate a fact issue suggesting SouthTrust's unreasonableness in refusing to consent to the Assignment. S&W timely appeals.

**DISCUSSION**

I. DENIAL OF S&W'S MOTION FOR LEAVE TO AMEND

We review for abuse of discretion the district court's denial of leave to amend. Herrmann Holdings Ltd. v. Lucent Technologies Inc., 302 F.3d 552, 558 (5th Cir. 2002).

The district court denied S&W leave to amend based on the lenient standard of Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires." SouthTrust argues, and S&W now concedes, that Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990).

This Court has not ruled on the applicability of Rule 16(b) to amendment of pleadings after the deadline set by a scheduling

4

order.  We owe the trial court "'broad discretion to preserve the integrity and purpose of the pretrial order,'" Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)(quoting Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir.1979)), which, toward the end of court efficiency, is to expedite pretrial procedure. Hodges, 597 F.2d at 1018.  Several circuits,[1] as well as district courts within our circuit,[2] have applied Rule 16(b) when leave to amend would require modification of the scheduling order.  We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.  Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

The district court denied S&W leave to amend because its motion was untimely and because of potential prejudice to SouthTrust or, alternatively, unnecessary delay of the trial.  The court premised its denial also on its conclusion that S&W offered

---

[1] See, e.g., Parker v. Columbia Pictures Industries, 204 F.3d 326, 342 (2nd Cir. 2000); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir.1999); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992); Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154-55 (1st Cir.1992).

[2] See, e.g., Dallas Area Rapid Transit v. Foster, 2002 WL 31433295, at *1 (N.D.Tex. Oct. 28, 2002); Howell v. Standard Motor Products, Inc. 2001 WL 196969, at *1 (N.D.Tex. Feb 26, 2001); Porter v. Milliken & Michaels, Inc. 2001 WL 378687, at *1 (E.D.La. April 12, 2001); Bakner v. Xerox Corp. Employee Stock Ownership Plan 2000 WL 33348191, at *13 (W.D.Tex. Aug. 28, 2000).

no adequate explanation for its failure to comply with the scheduling order.[3] As the district court noted, the same facts were known to S&W from the time of its original complaint to the time it moved for leave to amend. S&W could have asserted interference with contract from the beginning, but fails to explain why it did not. S&W's explanation for its delayed analysis of Sturges -inadvertence- is tantamount to no explanation at all.

In the context of allowing untimely submission of expert reports, this Court has applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion. We find this test appropriate as well in the context of untimely motions to amend pleadings. We consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)(quoting Geiserman v. Macdonald, 893 F.2d 787, 791 (5th Cir. 1990)).[4]

---

[3] "S&W offers no adequate basis for its failure to amend within the deadlines established by the court. ... S&W offers no explanation for the delayed analysis of Sturges, which resulted in its untimely filing. Moreover, S&W wholly fails to explain why it could not have set forth a claim of tortious interference with a contract at the time its lawsuit was filed in 1998." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., 180 F. Supp.2d 811, 815 (N.D.Tex. 2001).

[4] Our previous opinions in Estate of Strangi v. Comm'r, 293 F.2d 279 (5th Cir. 2002), and Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282 (5th Cir. 2002), did not apply the good cause

6

Three of the four factors weigh against S&W—the first because S&W offers effectively no explanation, and the third because, as S&W would assert a different cause of action, SouthTrust would be required to conduct additional discovery. The fourth factor weighs against S&W because, while a continuance could be granted for additional discovery, the district court found that a continuance would unnecessarily delay the trial. In view of district judges' "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case," <u>Reliance Insurance</u>, 110 F.3d at 258, we conclude that it was within the judge's sound discretion not to grant a continuance. Taking the court's conclusions as a determination that good cause to modify the scheduling order is absent, we find no abuse of discretion in the district court's refusal to grant leave to amend.

## II. SUMMARY JUDGMENT

### A. Standard of review

We review a district court's grant of summary judgment <u>de</u>

---

standard. <u>Estate of Strangi</u> discussed Rule 15(a) because Tax Court Rule 41(a), which governs amendment of pleadings in the Tax Court, was modeled on Rule 15(a). The parties in <u>Estate of Strangi</u> were not subject to a deadline for amendment of pleadings. In <u>Lyn-Lea Travel</u>, we found no abuse of discretion in the district court's allowing amendment after the deadline for pleadings had expired. We were not called upon in either case to consider the interaction between Rules 15(a) and 16(b). Having done so today, we conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary. To the extent that <u>Lyn-Lea Travel</u> may be in tension with <u>Geiserman</u> and <u>Reliance Insurance</u>, we are bound to apply <u>Geiserman</u> and <u>Reliance Insurance</u>, which predate <u>Lyn-Lea Travel</u> and are germane to the district court's right to enforce its scheduling order.

<u>novo</u>, applying the same standards as would the district court. <u>Pratt v. Houston</u>, 247 F.3d 601, 605-06 (5th Cir. 2001). Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted. <u>Id</u>. at 321-25, 106 S.Ct. at 2551-54. The nonmovant may not rest upon allegations in the pleadings, but must set forth and support with summary judgment evidence facts showing the existence of a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14(1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the non-movant. <u>United States v. Diebold, Inc</u>., 369 U.S. 654, 655 (1962).

B. SouthTrust's motion for summary judgment

SouthTrust argued that its refusal to consent to the Assignment, reasonable or not, could not be the basis of the independent tort required by <u>Sturges</u>. S&W contended that SouthTrust's conduct was tortious in that SouthTrust breached its duty to perform its contract obligation to Daiwa with the "faithfulness" required by law, citing <u>Montgomery Ward & Co. v.</u>

8

Scharrenbeck, 204 S.W.2d 508 (Tex. 1947).  The district court granted summary judgment, concluding that S&W demonstrated no fact issue as to SouthTrust's unreasonableness.

S&W admits that it produced no evidence in support of the factual predicate to its faithfulness argument, SouthTrust's unreasonableness.  It argues it was not required to do so because SouthTrust, having presented the district court with a pure question of law, never shifted to S&W the burden of demonstrating a fact issue.  S&W argues also that SouthTrust conceded in its memorandum in support of summary judgment that it had acted unreasonably.

While we do not agree that SouthTrust conceded its own unreasonableness, we see merit in S&W's contention that SouthTrust never shifted to S&W the burden of producing a fact issue.  Even so, we conclude that we must affirm summary judgment because SouthTrust's unreasonableness would not constitute an independent tort as required by Sturges.  Summary judgment must be affirmed if it is sustainable on any legal ground in the record, In re Jones, 966 F.2d 169, 172 (5th Cir. 1992), and it may be affirmed on grounds rejected or not stated by the district court.  Landry v. Airline Pilots Ass'n, 892 F.2d 1238, 1252, (5th Cir. 1990).

In support of its position that SouthTrust's alleged unreasonableness violated a duty of faithfulness, S&W cites Scharrenbeck, 204 S.W.2d 508, in which the Texas Supreme Court stated: "'Accompanying every contract is a common-law duty to

9

perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.'" Id. at 510 (quoting 38 Am. Jur. § 20 (1941)). This language from Sharrenbeck must be considered in context. The defendant in Sharrenbeck negligently repaired the plaintiff's heater, which then caused a fire that destroyed the plaintiff's house. The Texas Supreme Court held that the plaintiff was not limited to recovery in contract; the basis for the plaintiff's tort recovery was a duty implied by law regardless of the contract obligation. As the supreme court later explained in Southwestern Bell Telephone Co. v. Delanney, 809 S.W.2d 493, 494 (Tex. 1991), "Although the contract obligated the defendant to put the water heater back in good working order, the law also implied a duty to the defendant to act with reasonable skill and diligence in making the repairs so as not to injure a person or property by his performance." In contrast, a duty owed only by virtue of contract obligation, such as that owed by SouthTrust, does not give rise to tort liability. Id. The damages arising from the defendant's conduct are instructive also; if damages arise solely from the loss of the contract benefit, the claim sounds only in contract. Id. at 495; Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986). Other damages, such as property damage or personal injury, can be recovered in tort. Id.

SouthTrust owed a duty not to withhold consent unreasonably

10

solely because of the Participation Agreement between it and Daiwa. SouthTrust's breach would entitle Daiwa to recover only for loss of the contract benefit of obtaining SouthTrust's consent to an assignment of Daiwa's participation interest. We hold that SouthTrust's failure to consent to the Assignment, regardless of its reasonableness, was not independently tortious and therefore provides no basis for S&W's interference with prospective advantage claim.

III. CONCLUSION

We find no abuse of discretion in the district court's denial of leave to amend. SouthTrust's unreasonableness in failing to consent to the Assignment is insufficient to constitute the independent tort required by <u>Sturges</u>. We therefore affirm the judgment of the district court.


AFFIRMED.