**Juan NAVARRO and Robert Sedillo, Plaintiffs,**

v.

**MICROSOFT CORPORATION, Defendant.**

No. CIV. 3:02–CV–1632–H.

United States District Court, N.D. Texas, Dallas Division.

April 29, 2003.

*MEMORANDUM OPINION AND ORDER*

SANDERS, Senior District Judge.

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint, filed March 28, 2003, Defendant's Response, filed April 18, 2003, and Plaintiff's Reply, filed April 28, 2003.

## I. Background

Plaintiffs filed their Petition in 191st Judicial District, Dallas County on June 20, 2002. Defendant removed the suit to this Court on August 2, 2002 and filed its Original Answer on August 9, 2002. Plaintiff's Original Petition brought a claim for discrimination under the Texas Labor Code, and sought injunctive relief and damages. By Scheduling Order entered September 6, 2002, this Court set a deadline of February 3 for motions to amend pleadings. On March 28, Plaintiffs filed their Motion for Leave to Amend Complaint, seeking to add a claim for violation of 42 U.S.C. § 1981.

## II. Analysis

Motions to amend pleadings filed outside the deadlines set forth in the Court's Scheduling Order are governed by Federal Rule of Civil Procedure 16(b) rather than under the more lenient standard of Federal Rule of Civil Procedure 15(a). *S & W Enter., L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir.2003). Under Rule 16(b) a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (*citing* FED. R. CIV. P. 16(b)). The party seeking to amend the pleadings must show that the deadlines cannot reasonably be met despite due diligence in attempting to do so. *Id.* In this case, Plaintiffs stated reason for delay is that they thought the case would settle at mediation. When the case did not settle at mediation, Plaintiffs recommenced discovery and sought leave to amend the complaint. Plaintiffs have not provided an explanation for why they did not seek an extension of the deadlines set by the Court's Scheduling Order during the pendency of the mediation process.

Jennifer L. Carter, Marigny A. Lanier, Maris & Lanier, Dallas, TX, for plaintiffs.

Michael Homer Collins, Marisia Parra, Locke, Liddell & Sapp, Dallas, TX, Richard H. Sauer, Law Office of Richard H. Sauer, Redmond, WA, for defendant.

Plaintiffs also point to the fact that the claim they seek to add under § 1981 and the claim that they currently have before the Court under the Texas Labor Code "involve the same facts, and the same method of proof" in an effort to show that Defendant would not be prejudiced by the proposed amendment. Pls.' Reply at 5. However, the fact that the two claims involve the same facts is further evidence that the Plaintiff could have brought this claim at any time since the filing of this lawsuit.

Plaintiffs have failed to demonstrate good cause for the untimely filing of this Motion to Amend. Furthermore, the amendment would cause prejudice to Defendant. While the causes of action under the Texas Labor Code and § 1981 may be virtually identical, the defenses to each cause of action are not necessarily the same. *See, e.g., Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 n. 2 (5th Cir.1999). Therefore, Defendant would be prejudiced by the late amendment.

### III. Conclusion

Plaintiffs' Motion to Amend the Complaint is **DENIED**.

SO ORDERED.