United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40756
_____

HERMAN E. MITCHELL,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE CO.;
ALLSTATE LIFE INSURANCE CO.,
Northbrook Illinois,

Defendants-Appellees..

_____

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:01-CV-30-PNB)
_____

Before REAVLEY, JONES and GARZA, Circuit Judges.

PER CURIAM:[*]

We affirm the opinion of the district court for the following reasons:

1.  The district court properly entered summary judgment in defendants'

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor. The record as a whole establishes that no genuine issue of material fact exists supporting this independent action for fraud on the court. *See Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 174 (5th Cir. 1994); *Browning v. Navarro*, 826 F.2d 335, 345 (5th Cir. 1987). The evidence shows that Mitchell's employment was terminated when he retired as a result of the buy-out of Herring Marathon Group, Inc., and not "by reason of sickness or accident." He was therefore ineligible to receive benefits under the presumptive disability provision he alleges defendants wrongfully withheld in the underlying action. Mitchell's affidavit alleging otherwise cannot alone defeat summary judgment, and he presents no other evidence showing that his loss of vision caused his retirement. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Mitchell presents no evidence supporting his allegation that "own occupation disability" under the plan meant that the claimant, due to sickness or injury, could not perform *any* material job duty. On the contrary, the record shows that "own occupation disability" was defined as the inability of the claimant to perform *each* material duty of *his* job (as opposed to *any* job), due to sickness or injury, and that defendants used this definition in considering Mitchell's claim.

Thus, the evidence shows that neither the presumptive disability provision nor the definition of own occupation disability that Mitchell alleges were wrongfully

withheld in the underlying action could have supported his claim for benefits in that action. Consequently, Mitchell has not presented a triable issue that defendants' actions foreclosed to him the opportunity to have a fair and complete trial or rendered the trial so fundamentally unfair as to undermine our confidence that the judgment was sound. *Browning*, 826 F.2d at 345. Summary judgment in favor of defendants was therefore appropriate.

2. The district court acted within its discretion in denying Mitchell's motion for a continuance. *See HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000). Mitchell sought the continuance to depose attorneys Huck and Chapman regarding their decision not to produce the underwriting file. Because the district court correctly found that Mitchell could not establish fraud on the court because defendants' withholding of the file had not foreclosed to him the opportunity to fully and fairly litigate the underlying action, further inquiry into Huck's and Chapman's reasons for not producing the file would have been pointless.

3. The district court acted within its discretion in permitting defendants to file an answer after the scheduling deadline had passed. *See S&W Enters. v. Southwest Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). The court correctly applied the *S&W* factors. *See id.* at 535-36.

4.  We decline Mitchell's invitation to review documents provided to the district court for *in camera* inspection and "make a *de novo* determination as to whether or not any additional documents should have been produced."  Mitchell claims that the documents establish a scheme to defraud the district court in the underlying action by withholding the underwriting file.  The existence of such a scheme is no longer relevant in light of our conclusion that the withholding of the file, for whatever reason, did not diminish Mitchell's ability to fully and fairly litigate the underlying action.

AFFIRMED.