**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2011

No. 10-60787

Lyle W. Cayce
Clerk

J.G.T., INCORPORATED,

Plaintiff - Appellant

v.

ASHBRITT, INCORPORATED; FEDERAL INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-380

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant J.G.T., Inc. (JGT), a Mississippi corporation, appeals the district court's denial of its motion for leave to file an amended complaint to cure a defect in its filing—JGT's lack of capacity to sue. We review the district court's denial for abuse of discretion. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

At the time JGT filed its original and amended complaints, JGT was administratively dissolved under Mississippi law and lacked the capacity to file

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60787

suit. Appellees Ashbritt, Inc. and Federal Insurance Company filed a motion for summary judgment seeking dismissal of the suit on that basis. Thereafter, JGT took the steps necessary to be reinstated as a corporation in good standing under Mississippi law. However, only after Appellees argued that reinstatement was not retroactive so as to cure the capacity defect that existed at the time JGT was added as a plaintiff to the suit did JGT file a "Motion for Leave to File Amended Complaint." And, as noted by JGT, it did not seek to amend the pleadings but sought instead to cure the defect in its original pleadings—its lack of capacity to sue—by "re-filing" the complaint as an amended complaint. JGT described the motion as a "motion to perfunctorily re-file the complaint to cure a technical defect." The district court granted Appellees' motion for summary judgment, finding that JGT lacked the capacity to sue when it was added as a party to the suit and that JGT's subsequent reinstatement did not act retroactively to cure the defect. The district court dismissed the suit without prejudice and denied as moot JGT's motion for leave to amend the complaint.

JGT does not argue that the district court erroneously granted summary judgment. Instead, JGT's only argument on appeal is that the district court abused its discretion by not allowing JGT to re-file its amended complaint. JGT admits that the amended complaint did not seek to amend anything within the meaning of Federal Rules of Civil Procedure 15 and 16. JGT presumably sought to avoid a Mississippi statute of limitations problem that would result if the suit was dismissed and later re-filed in Mississippi.

We have reviewed the parties' briefs and pertinent portions of the record. Neither party requested oral argument. Having consulted the applicable law, we find no basis to conclude that the district court abused its discretion by denying JGT's motion to amend the complaint. As admitted by JGT, JGT did not seek to amend the pleadings in the traditional sense, but instead sought to

2

"re-file" the complaint in the same proceeding to avoid having to re-file after the case was dismissed.

**AFFIRMED.**