## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2011

No. 10-31212

Lyle W. Cayce
Clerk

RICHARDS CLEARVIEW, LIMITED LIABILITY COMPANY,

Plaintiff - Appellee

v.

SEARS, ROEBUCK & COMPANY

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7204

Before JONES, Chief Judge, and DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Sears, Roebuck & Company ("Sears") challenges the judgment of the district court awarding damages for breach of Sears's longstanding contract with Richards Clearview ("Clearview") to bear part of the cost of public liability insurance covering the parking and common areas of the shopping mall where Sears located a store in suburban New Orleans. Sears also asserts that the district court abused its discretion in refusing to permit the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31212

filing of an amended counterclaim on the eve of trial. Although our reasoning on the first point differs from that of the trial court, we affirm the judgment.

The contract, governed by Louisiana law, states in pertinent part that:

> Seller (Richards Clearview) shall obtain...public liability insurance for the full protection of Seller, Purchaser [Sears], and all occupants of Seller's Parcel against all claims...arising out of the use...of the parking and other common areas located on either Seller's Parcel or the Sears Parcel...Purchaser shall pay Seller its pro rata share of the cost of providing said insurance. Purchaser's pro rata share shall be a fraction of such cost, the numerator of which is the number of square feet of gross floor space contained in all buildings located on Sears Parcel and of which the denominator is the number of square feet of gross interior floor space of all buildings located on both Seller's Parcel and Sears Parcel.

Whether this provision is ambiguous is a question of law for the court. *Reliant Energy Servs., Inc., v. Enron Canada Corp.*, 349 F.3d 816, 821 (5th Cir. 2003). We do not find it ambiguous as to Sears's obligations. Sears is required to pay a pro rata share of insurance that will cover all claims arising out of the use of the parking and common areas of the entire mall. Sears does not contend that Richards Clearview misapplied the fraction governing the allocation of Sears's share of the premium. Instead, Sears complains that because Richards Clearview purchased too much insurance, *i.e.* liability insurance for not only the parking and common areas but the entire interior of the mall, it should only have to pay for a portion of the insurance premium representing its share of the parking and common areas alone. We disagree. Richards Clearview was entitled to purchase a policy that covered the parking and common areas along with the rest of the mall. After all, claims "arising out of the use . . . of the parking and other common areas . . ." may also and rather frequently will

2

No.  10-31212

involve both the tenant space, including that of Sears, as well as the parking and common areas.  The fraction representing Sears's proportion of the costs, based as it is on gross interior floor space of <u>all</u> buildings, reinforces the concept that liability insurance could cover the entire shopping center.  Because Sears agreed to pay a pro rata share of this insurance, Richards Clearview correctly charged the retailer according to the contract.

We also find no abuse of discretion in the district court's refusal to allow Sears to assert, within a week of trial, a counterclaim for the appellee's failure to name Sears as an "other insured" on the liability policy.  As the district court noted, this claim was not specifically mentioned in earlier pleadings and was eminently knowable to Sears at a much earlier stage of the litigation.  Sears thus had the obligation to raise the issue well before the pretrial order discussions.  FED. R. CIV. P. 16(b); *S&W Enters. L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).  Sears advanced no good cause for waiting to the last moment.

For these reasons, the judgment is **AFFIRMED**.