Sandra RUIZ, Plaintiff,

v.

The UNIVERSITY OF TEXAS
M.D. ANDERSON CANCER
CENTER, Defendant.

Civil Action No. H–12–2968.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 27, 2013.

Michael Todd Slobin, Shellist Lazarz Slobin LLP, Houston, TX, for Plaintiff.

Lars Hagen, Texas Attorney General, Austin, TX, for Defendants.

### ORDER

DAVID HITTNER, District Judge.

Pending before the Court is Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be denied.

### I. BACKGROUND

This case arises from an employment discrimination dispute. Plaintiff Sandra Ruiz ("Plaintiff") is a former employee of Defendant M.D. Anderson Cancer Center ("Defendant"). Plaintiff alleges that Defendant wrongfully terminated her in violation of the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA").

On October 4, 2012, Plaintiff commenced the present action in this Court. On October 18, 2012, Plaintiff filed a first amended complaint, to which Defendant filed an answer on December 17, 2012. On January 10, 2013, the Court issued a scheduling order, setting the case for trial in the January–February 2014 trial term. The scheduling order set the deadline for joinder of parties as March 1, 2013, the deadline for amended pleadings as March 15, 2013, the deadline for discovery as August 30, 2013, and the deadline for dispositive motion filing as September 30, 2013.[1] On July 30, 2013, Defendant moved to dismiss Plaintiff's case with prejudice on the basis of sovereign immunity. Defendant additionally filed a motion to stay all proceedings in this case, pending the Court's adjudication of the motion to dismiss. Plaintiff opposes Defendant's motions and in response has filed a motion for leave to file a second amended complaint, which Defendant opposes and this Order considers.

### II. LAW & ANALYSIS

Plaintiff seeks leave to file a second amended complaint to replace her FMLA and ADA claims with a claim pursuant to § 504 of the Rehabilitation Act of 1973. According to Plaintiff, the Court should grant her leave because Defendant will suffer no prejudice as a result of the amendment due to the similarity of the law governing § 504 claims and ADA claims. Plaintiff's request for leave comes nearly five months after the deadline passed for amendments to pleadings.

 Although Plaintiff cites to Federal Rule of Civil Procedure 15(a) in her motion to amend, the Fifth Circuit has clarified that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir.2003). Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R.CIV.P. 16(b)(4). A party seeking leave must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir.2008). Courts consider four relevant factors when determining whether good cause is present: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.,* 315 F.3d at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997)) (internal quotation marks omitted).

 Applied to the instant action, the first and the third factors weigh heavily against granting leave. Plaintiff's proffered explanation for her failure to timely move for leave is that the purpose of amendment is to clarify her claims against Defendant. To the contrary, Plaintiff plainly seeks to entirely replace her existing claims—which have been

---

1. *Rule 16 Scheduling Order,* Document No. 11 at 1.

active for ten months—with a newly asserted claim. Such a wholesale transformation to the basis of the present action cannot be characterized as a mere "clarification." Plaintiff's additional argument that Defendant could have filed its motion to dismiss "months ago" and is attempting to dismiss Plaintiff's claims by "lying in wait" is likewise unavailing.[2] It is Plaintiff, rather than Defendant, who is seeking leave to file a pleading well after the deadline in contravention of a scheduling order that has controlled the timing in this case for eight months. The facts giving rise to Plaintiff's purported § 504 claim are admittedly identical to those giving rise to her ADA and FMLA claims.[3] Plaintiff therefore had the opportunity to assert claims under the Rehabilitation Act at the time she previously amended her pleadings, or at any time prior to the March 15, 2013 deadline. Courts within this Circuit, under similar circumstances, have held that if a Plaintiff was previously aware of the factual underpinnings of the claim she seeks to assert beyond the time allowed by a scheduling order, leave to amend is improper. *See, e.g., Abrarpour v. U.S.,* No. H–11–2259, 2013 WL 3884194, at *1 (S.D.Tex. July 26, 2013) (Atlas, J.); *Browning v. PHH Mortg. Corp.,* No. H–12–0886, 2013 WL 3244094, at *2 (S.D.Tex. June 26, 2013) (Atlas, J.); *Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.,* No. H–10–1708, 2012 WL 527939, at *6 (S.D.Tex. Feb. 16, 2012) (Rosenthal, J.); *see also Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227–28 (5th Cir.2005) (per curiam).

■ As to the third factor, Plaintiff argues that Defendant will not suffer prejudice because the § 504 claim overlaps with the ADA claim. However, an examination of the proposed second amended complaint reveals that, by amendment, Plaintiff seeks, for the first time, to assert multiple new case theories and to recover under newly alleged damages models.[4] The amendment that Plaintiff seeks would force Defendant to reconsider its own case strategies and theories and would undoubtedly result in additional motions, responses, and delay in this case.[5] Under the fourth factor, granting a continuance would therefore result in substantial delay and expense, thereby further prejudicing Defendants. Accordingly, Plaintiff's motion for leave to amend is denied.

### III. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (Document No. 14) is **DENIED.**

---

2. *Plaintiff's Reply to Defendant's Response to Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint,* Document No. 17, ¶ 4.

3. *Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint,* Document No. 14, ¶ 7 ("[T]he facts supporting Plaintiff's Section 504 violation ... are the same as those plead in Plaintiff's FMLA and ADA case.").

4. *Compare, e.g., Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint,* Document No. 14, Exhibit A, ¶¶ 4.20,

8.1.4–8.1.5 (*Plaintiff's Second Amended Complaint*) (alleging that "MD Anderson made the conscious decision to terminate Ms. Ruiz for seeking accommodations" and seeking both back pay and front pay), *with Plaintiff's First Amended Complaint,* Document No. 3, ¶¶ 5.20, 10 (alleging that "MD Anderson made the conscious decision to terminate Ms. Ruiz for seeking FMLA medical leave" and omitting any prayer for back pay and front pay).

5. *Defendant's Response in Opposition to Plaintiff's Motion to Amend Complaint,* Document No. 16 at 13.