# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2016

No. 16-20228

Lyle W. Cayce
Clerk

JACQUELINE RIOS, Individually and as Personal Representative of the
Estate of Russell Rios,

> Plaintiff - Appellant

v.

CITY OF CONROE, TEXAS,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3457

Before DAVIS, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jacqueline Rios ("Rios") appeals the district court's
denial of her motion for leave to file a Third Amended Complaint, arguing that
the district court abused its discretion under Fed. R. Civ. P. 16(b). We conclude
the district court did not abuse its discretion and therefore affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-20228

## Background[1]

On July 31, 2013, Rios's 19-year-old son, Russell Rios, was allegedly spotted shoplifting by Wal-Mart employees, who then followed him out of the store. Defendant Jason Blackwelder, an off-duty police officer with the City of Conroe Police Department, was in the parking lot with his wife. Rios alleges that despite being told by a Wal-Mart employee that his help was not required, Blackwelder chased down her son and shot him dead. Blackwelder was initially placed on administrative leave, but he was eventually convicted of manslaughter on June 11, 2014, at which point the City of Conroe terminated his employment and his law enforcement license was revoked.

Rios filed this lawsuit against Blackwelder on November 21, 2013, represented by attorneys David Bernsen and Christine Stetson. Attorney Clement Aldridge, Jr. was added as an additional attorney on December 5, 2013. Rios filed her First Amended Complaint on February 10, 2014.

On February 24, 2014, the district court entered a Docket Control Order, establishing a deadline for amendment to pleadings of July 1, 2014, which it soon extended sua sponte to July 31, 2014. On July 23, 2014, before the deadline had passed, Rios filed an unopposed motion to extend the pleading amendment deadline to September 30, 2014, which the court granted. The court granted a second extension of the pleading amendment deadline, on joint motion filed before the September 30 deadline passed, to December 1, 2014. It also extended the deadline for joinder of parties to October 31, 2014.

Rios filed her Second Amended Complaint on October 30, one day before the deadline for joinder of new parties. For the first time she added the City of Conroe (the "City," also the appellee here) as a defendant, alleging that the

---

[1] The facts in this section come from the district court's memorandum and order on Rios's motion for leave to file a Third Amended Complaint, *Rios v. Blackwelder*, No. H-13-3457 (S.D. Tex. Dec. 1, 2015) ("First District Court Order").

No. 16-20228

City had a policy of requiring its officers to apprehend misdemeanor theft suspects through any means necessary, including deadly force, and that the City ratified Blackwelder's conduct by failing to properly discipline him.

On February 19, 2015, in connection with a discovery hearing, the district court issued an Amended Docket Control Order, setting April 13, 2015 as the new pleading amendment deadline. Rios filed no further amendment before that deadline. In fact, no further filings were made in the case from February until late June of 2015, more than two months past the pleading amendment deadline. On June 30, 2015, Rios's three attorneys, Bernsen, Stetson, and Aldridge, all moved to withdraw as her counsel. They told the court that a "Mr. McCotter" would soon make an appearance as counsel. The court granted the motion on July 17, 2015, but "Mr. McCotter" never appeared.

Instead, on July 31, 2015, attorney Patrick D. Hagerty filed a motion to appear *pro hac vice*, which the court conditionally granted on August 3, 2015, requiring him to apply for admission to the Southern District of Texas. Hagerty orally moved to withdraw that same day, but the district court denied the order and instead entered an amended scheduling order to accommodate his recent appearance. The court extended several deadlines but did not extend the pleading amendment deadline, which had expired on April 13, 2015. Because Hagerty failed to apply for admission to the Southern District of Texas, the district court ordered him removed from the case on August 31, 2015, leaving Rios in *pro se* status. In that order, the court expressly noted that the deadlines in the amended scheduling order "remain in effect and will not be extended."

That same day, attorney Paul Gertz, Rios's current attorney, entered his first appearance as her counsel of record—her fifth to date, and the second to be added after the expiration of the April 13, 2015 pleading amendment deadline, a deadline which had previously been extended multiple times. On September 2, 2015, Rios filed a motion for an amended scheduling order,

No. 16-20228

seeking a six-month extension of the deadlines in the August 3, 2015 scheduling order. The August 3 scheduling order had not extended the pleading amendment deadline, and Rios did not seek an extension of the pleading amendment deadline at that time. The district court, noting that it had already stated that the August 3, 2015 amended scheduling order deadlines would not be extended, refused to give the six-month extension requested by Rios. Instead, it extended the applicable deadlines (excluding the pleading amendment deadline) by approximately three months, reiterating in heavily emphasized text that it would not permit any further extensions.

### **Motion for Leave to Amend and District Court Order[2]**

On October 30, 2015, Rios filed a motion for leave to file a Third Amended Complaint. In that motion, which was filed more than six months after the April 13, 2015 pleading amendment deadline, she requested leave to amend her complaint because her new counsel, Gertz, did not believe the claim asserted against the City in the Second Amended Complaint was supported by the facts, but there might be a viable claim against the City for failure to train its officers concerning proper off-duty conduct.

The district court denied leave to amend. It noted that Fed. R. Civ. P. 16(b)(4) provides the standard for requests to amend pleadings after a scheduling order's deadline has expired. Specifically, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The district court looked to Fifth Circuit law, under which "[t]he four factors relevant to good cause are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance

---

[2] The facts in this section also come from the First District Court Order.

to cure such prejudice."[3] The district court found that Rios failed to satisfy any of the four factors.

First, the district court found that Rios's explanation for the delay in seeking to amend her pleading was inadequate because she failed to explain why none of her four previous attorneys had noticed this new theory of liability or attempted to assert it prior to the April 13, 2015 deadline. (We note that one of those four, Hagerty, only entered an appearance in this case after the deadline had already passed, but the general point stands.) Rios argued that her previous attorneys did not even take depositions, but she failed to explain why they waited so long to do so, and she had access to other discovery that would have allowed her to assert the failure-to-train theory earlier.

In fact, Rios argued that her four previous attorneys had simply failed to recognize the failure-to-train theory. The district court reasoned that "[m]ere inadvertence is insufficient to constitute good cause under Rule 16," even if that inadvertence is "coupled with [] lack of prejudice to the non-movant."[4] Put simply, the district court was not convinced that Rios's previous attorneys had any excuse for failing to move to amend prior to the April 13, 2015 deadline.

Next, the district court rejected Rios's argument that the proposed amendment was important because otherwise the claim asserted against the City in the Second Amended Complaint would be dismissed for failure of proof. The district court noted that the new failure-to-train claim faced its own challenges because a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for

---

[3] *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (internal quotation marks removed) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

[4] First District Court Order at 8-9 (citing *Klein v. Fed. Ins. Co.*, No. 7:03-CV-102-D, 2014 WL 239652 (N.D. Tex. Jan. 22, 2014), and *Manley v. Invesco*, No. CIV.A. H-11-2408, 2012 WL 2994402 (S.D. Tex. July 20, 2012)).

purposes of failure to train."[5] The district court also noted that whether or not Rios has a viable claim against the City cannot affect her right to pursue the individual directly responsible for her son's death, Blackwelder, who would remain in the suit no matter what. In other words, the court reasoned that because Rios would be able to pursue Blackwelder, the amendment changing her theory of municipal liability against the City, a lesser defendant, was not very important, particularly because the district court found it to lack merit.

Third, the court found that allowing the amendment *would* prejudice the City, in that allowing the totally new claim would require additional discovery on that claim, adding substantial time and expense. Fourth and finally, the district court found that any prejudice could not be cured with a continuance because the case had already been pending for more than two years, and, as just explained, allowing Rios to assert the new failure-to-train claim would only add time and expense.

Because the district court concluded that Rios had failed to satisfy any of the four elements of good faith, it declined to allow leave to file the Third Amended Complaint:

> [T]his case has been pending for more than two years, and the Court is not inclined to extend the remaining deadlines in this case yet again. Instead, the Court exercises its discretion to preserve the integrity and purpose of an established Docket Control Order, particularly deadlines that have already been extended repeatedly. The Court has twice advised counsel clearly and unequivocally that no further extensions would be permitted. The Court exercises its discretion to enforce that admonition.[6]

---

[5] *Id.* at 10 (quoting *Kitchen v. Dallas Cnty.*, 759 F.3d 468, 485 (5th Cir. 2014)).
[6] *Id.* at 11-12.

No. 16-20228

## **Motion for Reconsideration and District Court Order**[7]

Thereafter, Rios filed a motion to reconsider. She argued more fully that she had presented good cause to amend. The City filed a motion for summary judgment seeking dismissal of the claim against it under the Second Amended Complaint. The district court began by denying Rios's motion to reconsider.

First, the district court explained that Rios was relying primarily on three Fifth Circuit cases from 1981 or earlier, as well as a 2010 Fifth Circuit case affirming the district court's exercise of its discretion to *allow* a late amendment.[8] (Because the abuse of discretion standard is highly deferential, a decision affirming a district court's decision to allow an amendment does not necessarily mean that a court would not have affirmed a decision to deny an amendment on the same facts.) The district court correctly observed that this case is governed by Rule 16 and relevant case law, and the court is afforded broad discretion.

In her motion for reconsideration, Rios presented a more complete story concerning her previous attorneys' failure to file an amendment to help show good cause in her delay. She claimed the City delayed in responding to her discovery until well after Blackwelder was convicted, which in turn delayed her previous attorneys from reviewing the documents in time. In particular, she claimed that her attorneys received approximately 2,600 pages of discovery documents on March 30, 2015, approximately two weeks prior to the April 13, 2015 pleading amendment deadline. She claimed it would have taken her attorneys at least one month to review the documents and schedule appropriate depositions, and that at any rate her relationship with her first

---

[7] *See generally* the district court's memorandum and order on Rios's motion for reconsideration and the City's motion for summary judgment, *Rios v. Blackwelder*, No. H-13-3457 (S.D. Tex. Feb. 1, 2016) ("Second District Court Order").

[8] Second District Court Order at 9-10.

three attorneys deteriorated during May and June of 2015, culminating in their withdrawal from the case.

Eventually her fifth and current attorney, Gertz, joined the case, and he filed the motion to amend "within days of realizing that the evidence did not support the claims in the Second Amended Complaint."[9] Although the district court recognized that Rios's *current* attorney, Gertz, "has acted promptly and in good faith,"[10] the district court rested firm on its finding that Rios had failed to show good reason for her previous attorneys' failure to file a more timely motion for leave to amend. By the time Gertz joined the case, the pleading amendment deadline had long passed, and the district court had indicated multiple times that it would not extend deadlines any further.

Rios also argued that the amendment was important because her proposed failure-to-train claim *did* have merit, based on a footnote in *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989). There, the Supreme Court hypothesized that even in the absence of a pattern of constitutional violations, a single instance might trigger municipal liability under a failure-to-train theory if the municipality knew "to a moral certainty" that a constitutionally risky situation would occur but still failed to train officers regarding "the constitutional limitations on the use of deadly force."[11] The district court rejected that argument because it found that "[n]o such situation is presented in Plaintiff's proposed Third Amended Complaint, and it seems quite unlikely that she would be able to prevail on the 'single-incident' theory to support her failure-to-train claim against the City of Conroe."[12]

---

[9] *Id*. at 9.

[10] *Id*. at 9 n.2.

[11] 489 U.S. at 390 n.10.

[12] Second District Court Order at 11.

Rios also argued that the district court "overstated" the prejudice to the City in the event it allowed her to file the Third Amended Complaint. The court rejected that argument on the ground that the City had already spent more than $13,000 in fees defending the case and would have to spend still more defending the new failure-to-train claim. Finally, the court noted that Rios is not entitled to reconsideration of its order denying leave to amend merely because she thought Blackwelder could not satisfy a judgment against him, particularly when Rios failed to present evidence supporting that assertion.

Because the district court found Rios did not have good cause for seeking leave to amend so long past the April 13, 2015 pleading amendment deadline, it denied her motion for reconsideration. It also granted the City's motion for summary judgment, dismissing Rios's claim against the City under the Second Amended Complaint with prejudice.

### Analysis

Rios timely filed a notice of appeal, arguing that the district court abused its discretion under Rule 16(b)(4) in denying leave to amend. She presents essentially the same facts and arguments she presented to the district court in her motion for leave and motion for reconsideration, particularly emphasizing her previous attorneys' failure to state a viable claim prior to the pleading amendment deadline on April 13, 2015. As noted above, the district court's denial of a pleading amendment past the deadline under Rule 16(b)(4) is subject to a very deferential standard of review, and we must remain mindful of the district court's "broad discretion to preserve the integrity and purpose of the pretrial order."[13] We cannot say the district court abused its discretion on these facts.

---

[13] *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (internal quotation marks and citation omitted).

No. 16-20228

We have reviewed the record in this case, and we find the district court's summary of the procedural history and facts to be accurate. Rios filed her motion for leave to amend months after the pleading amendment deadline had passed, and after the district court had repeatedly emphasized that it would not extend deadlines further. The district court explained in detail in both of its orders why it found that Rios had failed to show good cause for the late motion for leave to amend, and we will not disturb those findings on appeal.

The crux of Rios's explanation for her previous attorneys' failure to amend her complaint prior to the deadline is that they did not have time to do so. Rios claims her counsel received the City's delayed discovery responses on March 30, 2015, shortly before the April 13, 2015, pleading deadline, and it would have taken at least one month to review them. At that time, Rios had three attorneys of record. Those attorneys, exercising reasonable diligence, certainly should have been able to review approximately 2,600 pages of discovery materials in approximately two weeks and determine whether they offered a new theory of liability against the City, which would have allowed time to amend the complaint as of right. Moreover, if her attorneys truly did not have the time to review the new discovery documents, for whatever reason, prior to the pleading amendment deadline, they could have requested an extension of the deadline *before* it passed. They failed to do that.

Finally, her attorneys at the time did not even seek leave to amend the complaint *after* the deadline passed. Even allowing for the fact that her relationship with her attorneys deteriorated in May and June of 2015 (after the pleading amendment deadline had already passed), they should have already known whether the evidence supported a new theory of the case, having had more than one month to review the new documents.

Simply put, Rios's attorneys had plenty of time to review the documents, either before or soon after the pleading amendment deadline passed, but they

failed to do anything, and the district court did not abuse its discretion by failing to find that explanation adequate. Similarly, the district court did not abuse its discretion in rejecting Rios's argument that her attorneys inadvertently overlooked the possible basis for a failure-to-train claim. We reach the same conclusion on the other good faith factors. Rios has not presented any evidence that the district court abused its discretion when it found: (a) the amendment would prejudice the City in the form of additional discovery expenses, attorney's fees, and time, and (b) that prejudice could not be cured by a continuance.

Finally, Rios argues that the amendment is important because she could, in fact, prevail on her failure-to-train theory. Although we note that the district court's reasoning here appears sound, we decline to reach this question because it is clear it was not the district court's primary basis for denying leave to amend. Instead, the district court emphasized that the case had gone on for approximately two years, the parties had already received multiple extensions, and the court had repeatedly stated that no further extensions would be granted. Indeed, the court seemingly suggested that the denial was warranted even if there might be some merit to the proposed failure-to-train claim:

> Notwithstanding whether the proposed amendment has potential merit, the Court notes that the case is pending against Defendant Blackwelder also, and the claims against him are not dependent on any municipal liability claim against the City of Conroe. Plaintiff will, if appropriate, have her "day in court" on her claims against Blackwelder—the individual who shot and killed her son—regardless of whether the City of Conroe is a defendant at the time of trial.[14]

In sum, the district court found that Rios failed to meet a single factor demonstrating good cause in failing to file a motion to amend, and it seemed

---

[14] First District Court Order at 10.

No. 16-20228

to place special emphasis on her inadequate explanation for the failure and the potential prejudice to the City. Rios has not pointed to anything that would permit us to conclude the district court abused its discretion under Rule 16(b)(4) in denying the amendment of its own scheduling order, particularly where the court had long emphasized it would not grant further extensions. Although we certainly sympathize with Rios and see some equities on her side, we conclude that we must, on these facts, afford the district court the "broad discretion to preserve the integrity and purpose of the pretrial order."[15]

AFFIRMED.

---

[15] *S & W Enters.,* 315 F.3d at 535.