# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50131

AUSTIN PROPERTY ASSOCIATES, L.L.L.P.,

      Plaintiff - Appellee

v.

HUNTINGTON BEACH 2, L.L.C.,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1080

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:*

This is a landlord-tenant dispute involving commercial property in Austin, Texas. The tenant, Huntington Beach 2, L.L.C., appeals from a final judgment declaring that it breached the master lease agreement. The district court's judgment allowed the landlord, Austin Property Associates, L.L.L.P., to exercise its rights and remedies under the lease, including terminating the lease and thus ending the tenant's right of possession.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50131

We AFFIRM for the following reasons:

1. The district court did not err in denying Huntington's motions to dismiss for lack of subject matter jurisdiction. Huntington argues that Austin Property's complaint does not satisfy the amount in controversy requirement and therefore federal courts lack jurisdiction over this diversity action. *See* 28 U.S.C. § 1332(a). It is apparent, though, from the face of the complaint and attached exhibits, specifically the master lease agreement, that "the value of the right to be protected or the extent of the injury to be prevented" includes well over $75,000 in lost rent alone. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

2. The district court did not plainly err in issuing a final judgment. Huntington insists the district court erred in granting Austin Property relief beyond the issues litigated in the parties' cross motions for partial summary judgment. These allegedly unlitigated issues are the ones serving as the basis for the district court's findings that Huntington was in default under the terms of the master lease agreement, and that Austin Property could therefore terminate both the master lease and Huntington's right of possession to the leased property. To the contrary, the parties' motions for partial summary judgment went directly to a dispositive issue: whether Huntington maintained insurance that complied with article eleven of the master lease agreement. The district court did not err, much less plainly err, in entering final judgment. *See United States v. Bolton*, 908 F.3d 75, 88 (5th Cir. 2018).

3. The district court did not abuse its discretion in refusing to allow Huntington to amend its pleadings and file original counterclaims. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's

2

decision to grant or deny leave." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Factors relevant to show good cause include "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (brackets removed). Huntington has not demonstrated good cause here, where its motion for leave to file came seven months after the deadline for amended pleadings had passed, after it had filed its own motion for summary judgment, nearly three months after the district court granted partial summary judgment to Austin Property, and only after Huntington retained new counsel and elected to reverse its positions with respect to material facts and legal conclusions it had conceded for two years.

4. The district court did not err in concluding that Austin Property had standing. Huntington argues that Austin Property does not have standing to bring this suit because it was not authorized to do business in Texas at the time it filed its complaint. This is not relevant to the issue of standing. Huntington admitted in its first amended answer that Austin Property is the successor-in-interest to the original lessor under the master lease agreement. The three requirements for standing, which are injury-in-fact, causation, and redressability, are satisfied. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

AFFIRMED.

3