# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2025

Lyle W. Cayce
Clerk

No. 24-10920
Summary Calendar
———————————

Fritzgera Charles Mitchell,

*Plaintiff—Appellant*,

*versus*

Tom Green County Jail; Nick Hanna,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:23-CV-62

———————————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.
Per Curiam:*

Fritzgera Charles Mitchell, represented by counsel, appeals the district court's dismissal of his first-amended complaint and the denial of his "motion for reconsideration" (considered under Federal Rule of Civil Procedure 59(e)). Mitchell claims the court erred in dismissing, with prejudice, his claims against Tom Green County and Sheriff Nick Hanna:

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under 42 U.S.C. § 1983, failure to train or supervise; and violation of his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). In support, he contends defendants' failure to train or supervise staff members resulted in his being physically restrained, tasered, and denied medical care despite his chronic heart condition. He also claims the court abused its discretion in denying his Rule 59(e) motion by not granting him leave to amend his first-amended complaint. For the following reasons, each claim fails.

Although the underlying order and judgment adjudicated only the claims against the County and the Sheriff, the presence of unadjudicated claims against unnamed and unserved defendants does not affect our jurisdiction over this appeal. *See Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990). Concomitantly, we will not consider any of the unadjudicated claims against those defendants, because there is no final judgment for those claims to review; and we express no opinion regarding those claims.

The court's dismissal under Federal Rule of Civil Procedure 12(b)(6) (failure to state claim) is reviewed *de novo*. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). All well-pleaded facts are accepted as true and viewed in the light most favorable to plaintiff. *E.g.*, *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). Dismissal for failure to state a claim is appropriate where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Regarding his claims under § 1983, Mitchell contends the court erred in dismissing his claim that defendants failed to adequately train, supervise,

or discipline deputies in refraining from using excessive force and in providing adequate medical care. To state a claim under § 1983 for failure to train or supervise, plaintiff must allege: the supervisor or county failed to supervise or train the subordinate; there is a causal link between the failure to train or supervise and the violation of plaintiff's constitutional rights; and the failure to train or supervise constituted deliberate indifference to those rights. *E.g.*, *Stapleton v. Lozano*, 125 F.4th 743, 753 (5th Cir. 2025). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*

Although Mitchell claimed the County and Sheriff failed to adequately train, supervise, or discipline deputies in refraining from the use of excessive force and in providing adequate medical care, his vague and conclusory allegations were insufficient to allege any deficiency in supervision or training constituted deliberate indifference. *See Henderson v. Harris Cnty.*, 51 F.4th 125, 131 (5th Cir. 2022) (plaintiff "must plausibly allege *each element*") (emphasis added).

Turning to Mitchell's ADA and RA claims, because "[t]he language in the ADA generally tracks the language set forth in the RA", these claims are usually addressed together, as the "[j]urisprudence interpreting either section is applicable to both". *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002) (citation omitted). To overcome a Rule 12(b)(6) motion on a failure-to-accommodate theory, Mitchell must plausibly allege "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations". *Sligh v. City of Conroe*,

87 F.4th 290, 304 (5th Cir. 2023).  A disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment".  42 U.S.C. § 12102(1); *see* 29 U.S.C. § 705(9)(B).  "Neither the Supreme Court nor this court has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies."  *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 223 (5th Cir. 2011) (citation omitted).

Although Mitchell maintained he suffered from a chronic heart condition, he did not assert his condition substantially limited a major life activity.  Because he failed to make such an assertion, he failed to allege he had a qualifying disability under the ADA or RA; accordingly, he failed to state a claim upon which relief could be granted.  *See id.*

Denial of a Rule 59(e) motion is reviewed for abuse of discretion.  *E.g.*, *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019); *see Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59[.]").  Mitchell asserts, in a conclusory fashion, that the court abused its discretion in not granting him leave to amend his first-amended complaint.  He has waived consideration of that contention by failing to adequately brief it.  *E.g.*, *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020).  In any event, there was no abuse of discretion.  *See, e.g.*, *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Finally, to the extent that he raises additional claims in his reply brief, we generally do not consider claims raised for the first time in a reply brief.

No. 24-10920

*E.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.") (emphasis in original).

AFFIRMED.