**WHITE STAR MANUFACTURING CO.,**
Appellant,

v.

**Henry T. NICOLLE and Wayne Emmons,**
for themselves individually, etc.,
Appellees.

No. 25782.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

Joseph A. Perkins, Miami, Fla., for appellant.

Bernard B. Weksler, Miami, Fla., for appellees.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from a district court judgment awarding overtime compensation to the plaintiffs-appellees, Nicolle and Emmons. The court also awarded liquidated damages to Emmons. The case was tried by the judge without a jury. The action below was brought by the appellees under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which provides that an employer who violates the provisions of 29 U.S.C. § 207 relating to overtime compensation shall be liable to the affected employees in the amount of the unpaid overtime and also an additional equal amount for liquidated damages.

The basic issue for review is whether the appellees were engaged in the production of goods for commerce. Section 203(j) of the Act provides that an employee is engaged in the production of "goods" if he is engaged in producing, manufacturing, mining, handling, transporting or in any other manner working on such goods. Section 203(b) of the Act provides that "commerce" means trade, transportation, or communication among the several states or between any state and any place outside thereof. The

trial judge found that White Star was engaged in the manufacture and sale of luggage for shipment and delivery to customers in other states, that a substantial portion of the appellees' workweek was spent in handling or otherwise working on goods produced for commerce, and that both appellees were covered by the provisions of the Act. The evidence in the record supports this finding.

The district court found that both appellees established by competent, credible evidence that they were entitled to overtime compensation, and that they sustained the burden of showing that they performed work for which they were not duly compensated.

 Exercising reasonable discretion, the court did not award liquidated damages to Nicolle, because he never requested overtime and because he assumed some supervisory capacity. The court awarded Emmons $100 liquidated damages. In the circumstances of this case this determination does not appear to be an abuse of discretion.

The judgment is affirmed.