# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2013

No. 12-11026
Summary Calendar

Lyle W. Cayce
Clerk

ANDREW KEITH BUTLER,

Plaintiff - Appellant

v.

TASER INTERNATIONAL, INCORPORATED, a Delaware Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-30

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Andrew Butler, an officer of the Dallas Police Department, brought this action against TASER International, Inc. (TI), claiming TI's negligence caused him injuries suffered during training related to the company's Taser stun gun devices. He appeals both the district court's denial of his motion for leave to amend his complaint after the scheduling order's deadline for amending pleadings had passed, and the summary judgment for TI. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11026

As part of his police training, Officer Butler was required to complete a class for using a Taser. During this training, he and other trainees were presented with a standard release form promulgated by TI, which they were required to sign if they intended to participate in a voluntary portion of the training: namely, to receive a shock from a Taser. Officer Butler signed the release form, received the Taser shock, and alleges that he suffered three herniated disks in his neck and a compression fracture in his back as a result.

In his first amended complaint, filed February 14, 2011, Officer Butler pled only negligence. He claimed TI was negligent for: failing to adequately warn police departments and officers of the dangers inherent in receiving a Taser shock during training; failing to adequately train instructors with regard to these dangers; and misleading officers with training materials that downplayed the risks associated with receiving a Taser shock. In a scheduling order issued pursuant to Federal Rule of Civil Procedure 16(b), the district court set a deadline of July 1, 2011 for all motions requesting leave to amend pleadings. On November 7, 2011, Officer Butler filed a motion for leave to file a second amended complaint, along with the proposed second amended complaint in which he added claims for fraudulent inducement and failure to warn of product defect. The district court denied the motion without explanation, and later granted TI's motion for summary judgment against Officer Butler's claim for negligence–the only claim before it.

Denial of leave to amend a complaint is reviewed for abuse of discretion, *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th Cir. 2002), as is a district court's enforcement of a scheduling order, *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The trial court's discretion is particularly broad when it acts to "preserve the integrity and purpose of the pretrial order." *Id.* Where, as here, leave to amend would require the court to modify its scheduling order, Rule 16(b) applies to the court's decision whether

2

No. 12-11026

to grant leave; the more permissive standard of Rule 15(a) will apply only where the movant demonstrates good cause to modify the scheduling order. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Officer Butler fails to meet his burden of showing good cause to overcome the court's scheduling order. Although it is preferable for the district court to explain its reasons for denying leave to amend, because the reasons for doing so here are "ample and obvious," the lack of explanation does not compel us to find an abuse of discretion. *Ashe v. Corley*, 992 F.2d 540, 542-43 (5th Cir. 1992). In his first amended complaint, Officer Butler pled a litany of facts that could have supported claims for fraudulent inducement and failure to warn. He alleged that TI had made false representations, and that TI's warnings regarding the dangers of a Taser shock were inadequate. Officer Butler cannot, therefore, demonstrate good cause to add the two additional claims after the deadline for amending pleadings had passed; to the extent he obtained new facts in late depositions, those facts were not necessary to support his two proposed new claims.

For Officer Butler's appeal of the summary judgment, review is *de novo*. *E.g.*, *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The district court granted summary judgment for TI on Officer Butler's negligence claim because it correctly found the release he signed was clear and unambiguous in both its safety warnings and its waiver of Officer Butler's right to sue for any injury incurred. On appeal, Officer Butler's only contention with regard to the release is that its effect is vitiated by fraud. Because we hold no fraud claim has been pled, we must affirm the summary judgment based on the adequacy of the release.

AFFIRMED.

3