# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50043

United States Court of Appeals
Fif h Circuit

**FILED**

December 29, 2016

Lyle W. Cayce
Clerk

ANNETTE SALDIVAR,

      Plaintiff - Appellant

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-117

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Annette Saldivar worked for Defendant–Appellee Austin Independent School District as a bookkeeper at Kocurek Elementary. In September 2013, $567 in student funds for which Saldivar was responsible disappeared. The District's human resources department placed Saldivar on administrative leave with pay pending investigation into the missing funds. After an investigation by the District's audit department and police department, the District's human resources department decided that,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consistent with its treatment of other cases of missing funds, Saldivar should be offered the option of resigning in lieu of termination. This offer was presented to Saldivar on November 11, 2013.

Rather than accepting or declining the District's offer, Saldivar retained an attorney who requested that the parties attempt to negotiate an amicable resolution. Over the succeeding weeks (and months), the parties exchanged numerous communications, during which time Saldivar remained on administrative leave with pay.[1] These communications culminated in a January 17, 2014, meeting between Saldivar and Michael Houser, the District's chief human capital officer. Following that meeting, Houser made the decision to terminate Saldivar's employment effective January 30, 2014, with the stated reason being that "student activity funds went missing under her responsibility."

Saldivar filed the instant suit on February 5, 2014, alleging that the District had violated the Fair Labor Standards Act (FLSA) by not properly paying her overtime. On June 24, 2014, Saldivar sought leave to amend her complaint to add a claim for age discrimination (Saldivar was 43 years old at the time of her termination), which the district court granted. On June 9, 2015—more than six months after the scheduling order's December 1, 2014, pleadings amendment deadline—Saldivar again sought leave to amend her complaint, this time to assert retaliation claims against the District, which the district court denied. The district court's written order identified the basis for denial as the pleadings amendment deadline having "long passed."

On June 22, 2015, the District moved for summary judgment on both the FLSA overtime claim and the age discrimination claim. The following day,

---

[1] The District did not issue a litigation hold in response to these communications, and as a consequence, emails were deleted pursuant to the District's 120 day email retention policy.

No. 16-50043

Saldivar moved for sanctions against the District due to the alleged spoliation of evidence, requesting, in pertinent part, that an adverse inference be imposed against the District and that summary judgment be denied on her age discrimination claim due to that inference.  The district court denied Saldivar's motion for sanctions and granted summary judgment in favor of the District on Saldivar's age discrimination claim, but denied summary judgment on Saldivar's FLSA overtime claim.  The district court's written order denying Saldivar's motion for sanctions did not specify the basis for denial.

Following a trial on Saldivar's FLSA overtime claim, the jury found that Saldivar had worked a total of 80 hours of unpaid overtime over a two-year period.  The jury further found that the District did not willfully violate the FLSA.  The district court denied Saldivar an award of liquidated damages under the FLSA, and entered final judgment awarding Saldivar $2,171.20 for the 80 hours of unpaid overtime the jury found she worked.[2]  Saldivar timely appealed.

On appeal, Saldivar asserts that the district court abused its discretion in denying her motion for sanctions without specifying its factual or legal reasoning.[3]  Although this court generally requires a district court to give reasons for its denial of a sanctions motion, we do not require specific findings and conclusions in connection with the denial of every sanctions motions.  *See, e.g., Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 883 (5th Cir. 1988) (en banc).  Here,

---

[2] As discussed *infra*, a successful FLSA plaintiff may recover liquidated damages equal to the pay the plaintiff should have received; in other words, double the amount of back pay.  A district court, however, has discretion to deny an award of liquidated damages.

[3] Saldivar also asserts that the district court erred in ruling without requiring the District to first respond to her motion.  Saldivar, however, provides absolutely no reasoning or authority supporting her assertion that the district court was precluded from ruling on her motion prior to a response from the District.  Accordingly, she has waived her argument.  *See* Fed. R. App. P. 28(a)(8)(A).

we discern no abuse of discretion in the district court's decision not to "belabor the obvious" by providing detailed findings and conclusions. *Thomas*, 836 F.2d at 882 (quoting *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1084 (7th Cir. 1987)). Saldivar does not dispute that a finding of bad faith by the District is required to support the sanctions she sought. *See Whitt v. Stephens Cty.*, 529 F.3d 278, 284 (5th Cir.2008); *see also Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005). In our review of the record, however, we find nothing to suggest bad faith by the District. Moreover, "[e]ven if we were to find bad faith and apply a spoliation inference, such inference would not substantially bolster the case against [the District]" because there is little or no other summary judgment evidence that Houser terminated Saldivar on the basis of age, and thus, Saldivar could not, in any event, make out a claim for age discrimination against the District. *Whitt*, 529 F.3d at 284.

Saldivar also asserts that the district court abused its discretion in denying her leave to amend her complaint to assert retaliation claims without specifically addressing the relevant factors for determining whether good cause exists for modifying the scheduling order's pleadings amendment deadline. In this context, we have recognized that "it is preferable for the district court to explain its reasons for denying leave to amend," but—similar to the sanctions context—have also recognized that when the reasons for denial are "'ample and obvious,' the lack of explanation does not compel us to find an abuse of discretion." *Butler v. Taser Int'l, Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013) (per curiam) (quoting *Ashe v. Corley*, 992 F.2d 540, 542–43 (5th Cir. 1993)). Here, Saldivar's explanation for her failure to timely move for leave to amend by the scheduling order deadline—the first factor for determining whether good cause exists to modify the deadline (and the only one addressed by Saldivar in her opening brief)—is entirely unconvincing. *See S&W Enters.,*

No. 16-50043

*L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003).[4] Thus, we conclude that the district court did not abuse its discretion in denying Saldivar leave to amend.

Saldivar further argues that the district court abused its discretion in denying her liquidated damages on her FLSA overtime claim. The FLSA provides that an employer who violates its provisions governing minimum wages or overtime compensation "shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, a district court "may, in its sound discretion," award a lesser amount of liquidated damages, or no damages at all, if the employer demonstrates "that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." *Id.* § 260. Our review of the record shows that there is ample evidence to support the district court's dual findings of good faith and reasonable grounds. Contrary to Saldivar's assertions, the district court's findings were not impermissibly grounded in ignorance, *see Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979), but rather were properly grounded in the District's reasonable efforts to comply with the dictates of the FLSA. Indeed, the District gave Saldivar some supervisory authority over ensuring compliance with the FLSA by requiring her to review

---

[4] Saldivar argues that, prior to Houser's May 20, 2015, deposition, she had no reason to believe that the decision to terminate her employment was made after November 11, 2013. Yet Saldivar remained on administrative leave with pay until January 30, 2014, when she was terminated by Houser. Thus, Saldivar clearly had reason to believe that the District had not made the decision to terminate her until after November 11, 2013. Moreover, even if Saldivar was correct that her actual date of termination was not discoverable prior to Houser's deposition, she has not offered any explanation for why she could not have deposed Houser prior to May 20, 2015—nearly six months after the scheduling order's December 1, 2014, pleadings amendment deadline.

time entries of other non-exempt employees.  Based on our review of the record, we discern no abuse of discretion by the district court in denying Saldivar an award of liquidated damages.  *See White Star Mfg. Co. v. Nicolle,* 403 F.2d 41, 42 (5th Cir. 1968).

Finally, Saldivar argues that the district court erred in granting summary judgment in favor of the District on her age discrimination claim. Saldivar's multifarious arguments are largely predicated on the assertion that Kocurek Elementary's principal made the decision to terminate her.  However, as the district court correctly recognized, there is no genuine dispute of fact on that issue:  Houser made the termination decision.  And with respect to Houser's termination decision, the district court also correctly recognized that Saldivar had failed to establish a claim for age discrimination based on circumstantial evidence under the *McDonnell Douglas* burden shifting framework. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (recognizing that the framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to age discrimination cases).

For the foregoing reasons, the judgment of the district court is AFFIRMED.