# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30187

_____

WILLIAM COLLINS JONES, IV, *as executor and administrator of* THE SUCCESSION OF CONNIE PORTER JONES MARABLE,

*Plaintiff—Appellant*,

*versus*

AT&T, INCORPORATED, AS PLAN SPONSOR and FIDUCIARY; AT&T SERVICES, INCORPORATED, *as plan administrator and fiduciary for AT&T Southeast Eligible Former Employee Medical Program, Bellsouth Retiree Medical Assistance Plan, AT&T Umbrella Benefit Plan No. 1*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2337

_____

Before HAYNES, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

   This appeal arises out of a bench trial on a narrow issue: Does AT&T owe discretionary penalties under ERISA for allegedly failing to produce required plan documents?  Plaintiff William Jones contends that the district

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court incorrectly decided against him on this issue. In addition to challenging that conclusion, Jones also disputes certain discovery rulings and the denial of his motion for leave to amend. We AFFIRM.

## I.    Background

Jones filed this suit in his capacity as the executor and administrator of the succession of his mother, Connie Marable. Marable retired from BellSouth in 2001, and upon her retirement, became a participant in the BellSouth Retiree Medical Assistance Plan. AT&T later acquired BellSouth. Marable therefore became a participant in AT&T's ERISA medical benefits plan for current and retired employees.

In 2012, Marable sustained serious injuries in a car accident for which a third party was found liable. As a result of her injuries, AT&T paid $451,994.58 in accident-related medical benefits. Marable passed away in 2018.

Later, AT&T filed a lawsuit in the Eastern District of Louisiana seeking a constructive trust or equitable lien over the 2012 car accident settlement proceeds (the "Reimbursement Litigation"). *See generally AT&T Inc. v. William Collins Jones, IV*, No. 2:19-CV-11297-GGG-JVM (E.D. La.). Separately, AT&T filed a proof of claim in Marable's state court succession proceeding.

In connection with the Reimbursement Litigation, Jones's counsel sent AT&T an information request pursuant to 29 U.S.C. § 1024(b)(4). The request sought ERISA plan documents from AT&T concerning the health benefits, health benefit rights, and health benefit payments relating to the medical treatment rendered to Marable between May 2012 and December 2013. In response, AT&T produced over 12,000 pages of information, along with a description of the documents and the rationale for their production. Several months after Jones received AT&T's response, the parties resolved

the Reimbursement Litigation, and the district court dismissed the action. Three months later, Jones filed the instant suit, seeking discretionary penalties under 29 U.S.C. § 1132(c)(1) for AT&T's alleged failure to produce required documents.

In September 2022, there was a bench trial at which Jones and Jeremy Siegel (AT&T's lead benefits consultant) were the only witnesses. At trial, Jones specified that AT&T's alleged failure to produce three documents formed the basis of his contention that AT&T did not comply with § 1024(b)(4). Siegel testified that § 1024(b)(4) did not require AT&T to produce the three documents at issue.

The district court rejected Jones's claim and entered judgment in favor of AT&T. Jones filed a motion to reconsider, which the district court denied. He then timely appealed.

## II.  Jurisdiction & Standards of Review

The district court had jurisdiction over this case under 29 U.S.C. § 1132(e)(1), and we have jurisdiction over the district court's final order pursuant to 28 U.S.C. § 1291.

We review a district court's discovery rulings for abuse of discretion. *Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015). "Discovery rulings are reversed only where they are arbitrary or clearly unreasonable." *Id.* (internal quotation marks and citation omitted). A district court "enjoys wide discretion in determining the scope and effect of discovery," so it is "unusual to find an abuse of discretion in discovery matters." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

We also review a trial court's denial of a motion to amend for abuse of discretion. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

No. 24-30187

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Preston Expl. Co. v. GSF, L.L.C.*, 669 F.3d 518, 522 (5th Cir. 2012) (quotation omitted). A district court's findings of fact will only be disturbed if we are "left with the definite and firm conviction that a mistake has been committed." *Barto v. Shore Constr., L.L.C.*, 801 F.3d 465, 471 (5th Cir. 2015) (quotation omitted).

### III.     Discussion

We address three issues: (1) whether the district court abused its discretion by limiting the scope of discovery; (2) whether the district court abused its discretion by denying Jones leave to amend his complaint; and (3) whether Jones is entitled to civil penalties under 29 U.S.C. § 1132(c)(1) for AT&T's alleged failure to comply with § 1024(b)(4).

### A. Discovery

Jones contends that the district court abused its discretion by denying in part Jones's motion to compel discovery responses.

The magistrate judge granted in part and denied in part Jones's motion to compel in a thorough, nineteen-page order that addressed and analyzed each specific discovery request at issue. To the extent the magistrate judge denied Jones's motion, she did so because Jones sought discovery that was irrelevant and disproportionate to the narrow question at issue in the lawsuit: whether AT&T produced all required documents pursuant to § 1024(b)(4). *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). The magistrate judge sustained objections to various attempts by Jones to seek discovery related to matters more germane to the Reimbursement

4

Litigation than the § 1024(b)(4) suit.   She also sustained objections to duplicative requests.

In an eight-page order, the district court denied Jones's motion to reverse the magistrate judge's order because it found no clear error.  It stated that "Plaintiff is in possession of the relevant documents pertaining to Ms. Marable's benefit plan from the previous action, making the Plaintiff's request to compel discovery a fishing expedition."

The district court did not abuse its discretion.  As discussed above, the magistrate judge carefully parsed through the requests at issue and reached a measured conclusion about which documents would be relevant to resolving the narrow issue in this case.  Accordingly, Jones has failed to establish that the lower court rulings were "arbitrary or clearly unreasonable," *Angus Chem. Co.*, 782 F.3d at 179 (quotation omitted), or that this is one of the "unusual" cases in which the lower court abused its "wide discretion in determining the scope and effect of discovery," *Sanders*, 678 F.2d at 618.

## B.  Leave to Amend

Jones also asserts that the district court abused its discretion by denying leave to amend his complaint.

Jones filed his motion for leave to amend fifteen months after filing suit and nine months after the deadline for amending pleadings.  The proposed amendment would have added claims alleging breach of fiduciary duty and failure to produce plan documents related to *non*-medical benefits.

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  "Only upon the movant's demonstration of good cause to modify the scheduling

order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* To assess good cause, we consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (alterations adopted) (quotation omitted).

On appeal, Jones barely briefs this issue. He states in conclusory terms that he meets each of the good cause factors, directs us to his briefing below, and fails to reply to AT&T's arguments on this issue. We therefore conclude that Jones has failed to establish that the district court abused its discretion. *See Ackerson*, 589 F.3d at 208.

## C. Discretionary Penalties for Alleged Violations

We now turn to the merits issue. The sole claim in Jones's lawsuit is that AT&T failed to provide certain documents in response to his request under 29 U.S.C. § 1024(b)(4) and that Jones is therefore entitled to discretionary penalties under 29 U.S.C. § 1132(c)(1). Pursuant to § 1024(b)(4), a plan "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." As stated above, at trial, Jones alleged that AT&T failed to produce three documents and therefore did not comply with § 1024(b)(4). AT&T presented testimony to the contrary.

The decision whether to impose civil penalties for a violation of § 1024(b)(4) is fully within the district court's discretion:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or

beneficiary . . . *may in the court's discretion* be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court *may in its discretion* order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1) (emphasis added).

In the district court's conclusions of law, it made clear that, in its view, the alleged violations do not warrant penalties under § 1132(c)(1):

> 5. In preparing the Document Production, Defendants did not act with the intent to exclude or withhold any relevant documents from being produced.
>
> 6. In preparing the Document Production, Defendants did not act in bad faith to exclude or withhold any relevant documents from being produced.
>
> 7. In preparing the Document Production, Defendants exercised reasonable care to ensure that all responsive documents were produced to Plaintiff.
>
> 8. Accordingly, the Court necessarily finds that Plaintiff is not entitled to recover penalties against Defendants under 29 U.S.C. § 1132(c).
>
> 9. Plaintiff was not prejudiced as a result of Defendants['] alleged failure to include any particular document in the Document Production.

Jones has failed to establish that the district court abused its discretion in these determinations. Even if we assume arguendo that AT&T technically violated § 1024(b)(4),[1] a district court does not abuse its discretion by refusing to impose penalties even amid technical violations. *See Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 432 (6th Cir. 2007) ("[B]ecause the delays

---

[1] We express no opinion on that issue.

resulted at most from good-faith mistakes and because [plaintiff] has not pointed to any way in which she was prejudiced by the delays, we have no basis for saying that the district court abused its discretion in declining to assess this penalty."); *Christensen v. Qwest Pension Plan*, 462 F.3d 913, 919 (8th Cir. 2006) (holding that the district court did not abuse its discretion by declining to impose penalties, even though there might have been a technical violation, because there was no evidence of bad faith). Although we have not previously held that bad faith and prejudice are mandatory factors in this assessment, we consider them relevant. *See, e.g.*, *Randolph v. E. Baton Rouge Par. Sch. Sys.*, 19 F.4th 749, 758 (5th Cir. 2021) ("District courts have considered a number of factors in the decision to award or withhold statutory penalties [under § 1132(c)(1)], including: prejudice to the plaintiff, the availability of other remedies, bad faith or intentional conduct by the administrator, and the length of the delay."). Here, Jones did not allege bad faith in his complaint. As for prejudice, Jones argues that without the 1998 Collective Bargaining Agreement, he lacked access to the applicable grievance procedure and therefore could not avail himself of it. But AT&T provided Jones with the 1995 version of the Collective Bargaining Agreement, which contained the exact same grievance procedure as the 1998 version. Further, Jones chose not to avail himself of that grievance procedure. Accordingly, Jones has failed to establish that the district court abused its discretion by concluding that the alleged violations of § 1024(b)(4) do not warrant penalties under § 1132(c)(1).[2]

---

[2] Also, because Jones summarily states that he should be awarded attorneys' fees without providing reasoning, he has forfeited that issue by failing to adequately brief it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (citing FED. R. APP. P. 28(a)(8)(A)).

No. 24-30187

## IV.    Conclusion

For the reasons explained above, we AFFIRM.